### Richmond.

### EMMERSON v. FAY.

#### December 3, 1896.

1. MASTER AND SERVANT—*Liability of master for acts of independent contractor.*—The owner of property is not liable for injury occasioned by the negligence of the servant of an independent contractor employed by the owner, if the contractor was selected with due care. It is essential, in order to establish a liability against a party for the negligence of another, that the relation of master and servant should exist. What constitutes an independent contractor is a question for the court, but whether or not a particular person is, under the evidence, an independent contractor is a question of fact for the jury.

2. MASTER AND SERVANT—*What constitutes an independent contractor.*—A person who is skilled in the performance of a particular kind of work, and who, on account of his skill, is employed to do a piece of work, without restriction upon the means to be employed in doing the work, and who employs his own labor, which is subject alone to his control and direction, and undertakes to do the work either according to his own ideas, or in accordance with plans furnished by the person for whom the work is done, is an independent contractor. Nor is his character as independent contractor affected by the fact that his compensation is measured by a *per diem* to himself and those employed by him, nor that the owner furnishes the material for the work.

3. MASTER AND SERVANT—*Power to discharge servant—Case at bar—"Special" contract.*—The power to discharge a servant, and not his actual discharge, is one of the evidences of the relation of master and servant. Upon the evidence in the case at bar, it was error to use the word "special" in the instruction referring to the contract between the owner and the general contractor.

4. NUISANCE—*Building near city street.*—The construction of a building seven feet from the line of a city street, without the erection of barriers, is not a nuisance, nor wrongful, *per se.*

Error to a judgment of the Hustings Court of the city of Portsmouth, rendered July 31, 1894, in an action of trespass

on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

After the evidence, which is set out in the opinion of the court, had been introduced, the plaintiff in the court below asked the court to instruct the jury as follows:

"If the jury believe from the evidence that the defendant was in possession of the land in the declaration mentioned, and constructing the building on the east side of Crawford or First street, and that the plaintiff was injured by an iron ball, which was rolled from the hands of the workmen from the roof of said building while work was being done thereon, and that the plaintiff was, at the time of the accident, passing by said building on her way to market; and no barriers or safe guards had been placed by the defendant to warn pedestrians of the danger of passing by said building, then they must find for the plaintiff.

"But if they further believe that a special contract or understanding, either written or verbal was made between Mr. Emmerson and Mr. Collona, and that Mr. Collona was an independent contractor to do the work, and had the sole right to employ and discharge hands, and if they believe this they must find for the defendant."

The defendant objected to the giving of this instruction, but the court overruled the objection, and the defendant excepted. The defendant then offered the following instruction:

"The court instructs the jury that if they believe from the evidence that W. B. Collona was employed by John C. Emmerson to do certain work in the construction of certain dry kilns near First street, in the city of Portsmouth, and that said Collona employed and discharged the men working thereon and had the exclusive right so to do, and that said W. B. Collona did employ one Peter Showard to work upon said dry kilns and then discharged said Showard, and that said Showard was paid and controlled by said Collona, and that when working on said kilns the said Showard, while carrying an iron ball, let the same fall to the street below, and thereby injured the plaintiff, Mrs. Fay, then the said John C. Emmerson is not liable for said injury."

To the giving of this instruction the plaintiff in the court below objected, and the court sustained the objection, and the

defendant again excepted. The evidence showed that the building was being erected seven feet from the line of the street, and that no barriers were erected on the street, because the other side of the street was impassable.

*Watts & Hatton*, for the plaintiff in error.

*Burroughs & Brc.*, for the defendant in error.

HARRISON, J. delivered the opinion of the court.

From the evidence set out in the record it appears that the plaintiff was injured by an iron ball falling from the roof of a lumber dry kiln being erected on a lot adjoining the street along which she was walking.

The material and uncontradicted facts are that W. B. Collona, a contractor and builder, made an agreement with the defendant, John C. Emmerson, the owner of the property, to do the wood work on the dry kilns. The defendant was to furnish the materials, and the contractor was to employ the labor, superintend the same, and erect the buildings according to plans furnished by the patentee of the kilns. The measure of compensation received by the contractor was a *per diem* for himself and the hands employed by him, the amount due under the contract being paid by the defendant in two payments, one of $200 before the work was finished, and the balance after its completion. It appears that the defendant did not know the men employed on the work and assumed no control over them; that they were employed and discharged by the contractor, who alone controlled and directed them in their work, and received a profit on their labor. The building was situated seven feet from the street, and Peter Showard, one of the men employed by the contractor, was on the roof handling the iron ball in question when it slipped and fell with the result mentioned.

The sole question presented by the record is whether or not the owner of the building is liable in damages to the plaintiff for the injury sustained by her. The answer to this question depends upon the relation, if any, that Peter Showard, the man who dropped the ball, bore to the defendant. Was he the servant of the defendant, or of the contractor? In other words, was W. B. Collona an independent contractor, or not?

As a general rule, where a person is employed to perform a certain kind of work which requires the exercise of skill and judgment as a mechanic, the execution of which is, because of his superior skill, left to his discretion, without restriction upon the means to be employed in doing the work, and he employs his own labor, which is subject alone to his control and direction, the work being executed either according to his own ideas or in accordance with plans furnished him by the person for whom the work is done, such a person is not a servant under the control of a master, but is an independent contractor, and the fact that his compensation is to be measured by a *per diem* to himself and those employed by him does not affect the independent character of his employment, nor does the circumstance that his employer is to furnish the materials to be used in doing the work alter his status as an independent contractor, and create the relation of master and servant.

The defendant was not liable for the injury sustained by the plaintiff, if the person employed by him to build the dry kilns was selected with due care, and exercised an independent employment. It is essential, in order to establish a liability against a party for the negligence of others, that the relation of master and servant should exist.

The exception by the plaintiff in error to the instruction given by the court is well taken. That instruction in its first clause ignores the important question of the defendant's liability, and in the latter clause the proposition is stated in

such an abstract form as to leave the jury without the information necessary to enable them to decide the question of liability intelligently.

What constitutes an independent employment is a question of law to be decided by the court, and not by the jury. Whether or not under the facts proven Collona was an independent contractor was a question of fact for the jury to determine. The court should have informed the jury what constituted an independent employment, or should have told the jury that if they believed from the evidence certain facts, stating them, that then W. B. Collona was an independent contractor and the defendant not liable. It was also error to use the word "special" in referring to the contract between the parties. There was nothing special about the contract, and the use of the word was calculated to mislead the jury by creating upon their minds the idea that some unusual and peculiar conditions were necessary in order to warrant them in believing that the contractor exercised an independent employment.

The second exception is to the ruling of the court in refusing an instruction offered by the defendant. This instruction does not embrace all the facts proven which tend to show that W. B. Collona was exercising an independent employment, and is defective in assuming that it was necessary for Peter Showard to have been actually discharged by Collona in order to make the latter an independent contractor. It was only necessary that Collona should have employed Showard, and have had the power to discharge him.

The third bill of exceptions is to the ruling of the court in refusing to set aside the verdict of the jury as contrary to the law and the evidence, and to grant the defendant a new trial.

Without reviewing the evidence farther than has been already done, it is sufficient to say that the facts proven clearly show that W. B. Collona was an independent contractor, occupying the relation of master to his employee, Peter Show-

ard, and that the defendant was not liable to the plaintiff for the injury sustained by her.

The case at bar is controlled by the case of *Bibb's adm'r v. N. & W. R. R. Co.*, 87 Va. 711. The subject under consideration has been there fully discussed and authorities, English and American, cited, and it is only necessary to refer to that case as authority for the conclusion reached in this, without discussing the law further, and repeating what has been there said.

The contention of the defendant in error here that the work to be performed in this case was wrongful *per se*, or was a nuisance, and therefore the owner and contractor were both co-trespassers and both liable as such to the plaintiff cannot be sustained. The construction of a building seven feet distant from the street line is not a nuisance or wrongful *per se*. The contract in this case was to do an act in itself lawful, and it is to be presumed in a lawful manner. It did not necessarily involve injury to any one, hence the defendant cannot be held liable on this ground.

For the foregoing reasons the judgment of the lower court must be reversed, the verdict of the jury set aside, and a new trial had in accordance with the views expressed in this opinion.

*Reversed.*