JOHN F. BURKE *p. a. vs.* NATIONAL INDIA RUBBER COMPANY.

PROVIDENCE—OCTOBER 13, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Master and Servant.  Negligence.  Fellow-Servant.  Duty of Master.*

The cleaning up of floors of manufactories is a part of the duty of the servant rather than of the master, and if such work is not properly done, and an accident results to a servant in consequence, in the absence of notice to the master of the conditions, the negligence is that of a fellow-servant, provided both were engaged in a common employment.  The duty is distinguishable from that of the master to furnish reasonably safe premises for the servant.

(2)  *Constructive Notice to Master of Condition of Premises.*

Under the circumstances of the case at bar, the court considers two or three hours too short an interval of time to charge a master with constructive notice of an unsafe condition of the premises caused by the negligence of a servant, the premises, except for such negligence, being reasonably safe for the purposes of employment.

(3)  *Fellow-Servants.*

A servant employed to clean out a pit occupied by the gearing of a machine, or to scrub a greasy floor, is engaged in a common employment, to wit, the manufacture of rubber goods, with one employed in feeding rubber scrap to a grinding-mill.

TRESPASS ON THE CASE for negligence by an employee against his employer.  The plaintiff was employed in the mill of the defendant corporation.  Two or three hours before the accident complained of other employees of the defendant in the course of their employment had thrown grease upon the floor of a room through which it was necessary for the plaintiff to pass.  The plaintiff slipped on the grease and fell against certain machinery and suffered injury.  Heard on petition of plaintiff for a re-argument of the petition of defendant for a new trial, heretofore granted in the rescript reported directly after this opinion.  Petition to re-argue denied.

PER CURIAM.  The plaintiff seeks, by his first contention, to bring his case within the principle which requires a master to furnish reasonably safe premises for his servant, and that when a master delegates to a servant a duty which belongs

to himself, the servant will occupy the place of the master and not that of a fellow-servant. But we do not think that the case falls within this principle. The defect was not a defect in the construction of the floor itself, but that which was complained of as rendering the floor dangerous was the grease adhering to the brick composing the floor, which had been thrown upon it in the cleaning out of the pit by Mahar and Farley, and which had been on the floor but two or three hours, an interval, as we thought, too short, in the absence of actual notice, to charge the defendant with constructive notice of the condition of the floor. The cleaning up of floors of manufactories is a part of the duty of the employees, rather than of the master; and if such work is not properly done, and an accident results to an employee in consequence, the negligence, in the absence of notice of the conditions to the master, is clearly, as it seems to us, negligence of a fellow-servant or servants.

The plaintiff further contends that the work done by Mahar and Farley was not, as maintained by the defendant, work in the ordinary conduct of the defendant's business, and therefore argues that they were not fellow-servants with the plaintiff, but were as much strangers to the plaintiff, so far as this employment is concerned, as though they had never been employed by the defendant; or, to put it in other words, as though, having been employed by the defendant at some time, they had been discharged and re-employed for this particular work. We do not, however, take this view of the matter. The cleaning out of a pit which has been occupied by the gearing of a machine, or the scrubbing of a floor which has become greasy, is, it seems to us, a mere incident of the manufacturing which the defendant was carrying on in its works, and the servants who were engaged in it were as much engaged in a common employment, to wit, the manufacturing of rubber goods, which was the business of defendant, as was the plaintiff, who was employed, in the course of that manufacturing, in feeding rubber scrap to a grinding-mill. *Brodeur* v. *Valley Falls Co.*, 16 R. I. 448.

Plaintiff's petition for a re-argument denied.

RESCRIPT.

DECEMBER 20, 1897.

The testimony shows that, in obedience to the order of the defendant's foreman, Finch, communicated to them through Walsh, who tended the calender machine, the two boys, Mahar and Farley, proceeded to clean out the pit before that time occupied by the gearing of a calender machine, which had been removed from that location; that in doing this, Mahar and Farley threw the grease, dirt, scraps of gum, and other material which had accumulated in the pit, onto the brick floor in front of the rolling-mill, by which the plaintiff was injured; that they subsequently removed this from the floor except some of the grease, which adhered to the brick and rendered it slippery; that this work was done between three and four o'clock in the afternoon; that the accident to the plaintiff happened on the same afternoon, shortly before six o'clock, and was occasioned, as the jury found, by the plaintiff's slipping on the greasy floor and falling against the rolls of the mill.

We think that the leaving of the grease on the floor by Mahar and Farley must be regarded as the carelessness of fellow-servants of the plaintiff, and, consequently, that the Common Pleas Division erred in refusing the defendant's fifth request for instructions. The short interval of time between the leaving of the grease on the floor and the accident to the plaintiff was insufficint to charge the defendant with notice of the condition of the floor, and thereby render it liable for a breach of its duty to the plaintiff to furnish him safe premises on which to work.

New trial granted, and case remitted to the Common Pleas Division.

*Henry W. Hayes*, for plaintiff.

*O. L. Bosworth and Wm. R. Tillinghast*, for defendant.