# Richmond.

## City of Richmond v. Sitterding.

### March 12, 1903.

1. JOINT TORT FEASORS—*Indemnity—Res Judicata—Obstructing Streets.*—
Where a city and a property owner are sued jointly for an injury
resulting from alleged negligence in obstructing a street, and there
is judgment in favor of the property owner on his plea of the statute
of limitation, and against the city for damages, in a subsequent ac-
tion by the city against the property owner to recover the damages
it has been compelled to pay, the property owner is not estopped
from showing that the accident happened through no fault of his,
nor is the question of his ultimate liability *res judicata* by reason of
the judgment against the city. The second action is not between the
same parties or their privies. The judgment in the first action is
only conclusive of the injury of the plaintiff therein, the negligence
of the city, and the amount of the recovery against it.

2. RES JUDICATA—*Two Suits Between Same Parties.*—As a general rule, a
judgment to be evidence against a party in another suit upon a dif-
ferent cause of action must have been rendered between the same
parties or their privies, and the point must have been involved in
both cases and have been determined on its merits. If the first ac-
tion was disposed of on any ground that did not go to its merits, the
judgment will not conclude the party in the second action.

3. MUNICIPAL CORPORATIONS—*Street Obstructions—Action by City for In-
demnity.*—In an action by a municipal corporation to recover back
damages which it has been compelled to pay for an injury inflicted
by an alleged improper use of its streets by a lot owner, it is com-
petent for the lot owner to show that he was under no obligation to
keep the street in a safe condition, and that it was not through his
fault that the accident happened.

4. INDEPENDENT CONTRACTOR.—A general contractor and bricklayer em-
ployed to do the brick work on a house, who employs and pays all
labor necessary for the fulfilment of the contract, and exercises en-
tire supervision over the work and over the employees engaged

thereon, is a general contractor for that part of the work, although the owner of the lot be a carpenter and has all of that part of the work done by his own employees.

5. NEGLIGENCE—*Independent Contractor.*—Where a lot owner employs a careful, skilful and competent builder or contractor to erect a building, and surrenders to him the possession of the premises for that purpose, the owner is not liable for an injury inflicted on a third person in consequence of the negligence or default of the contractor, or his immediate servants, or employees engaged in doing the work.

6. NEGLIGENCE—*Independent Contractor—Hazardous Business—Building on City Streets.*—If an enterprise entered upon by the owner of a lot is inherently and necessarily dangerous, or if danger and hazard must necessarily accompany the work, or if the doing of the work will necessarily create a nuisance, the owner cannot escape liability by employing an independent contractor. But the building of a house fronting on a city street is not of this nature, and the owner is not liable for the negligence of a competent, independent contractor, or his servants.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered March 31, 1902, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Henry R. Pollard,* for the plaintiff in error.

*Sol. L. Bloomberg* and *Harold S. Bloomberg,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

It appears from the record that one John J. Leaker sustained personal injuries by falling over a plank negligently extended over the sidewalk on Leigh street, in the city of Richmond, by laborers engaged in building four houses for one Fritz Sitterding. Suit was brought by Leaker against the city, and subsequently, by an amended declaration, Sitterding was made a party defendant; the amended declaration charging

that the city and Sitterding were jointly liable in damages to Leaker for the injuries suffered by him. The result of this suit was a judgment in favor of Sitterding, upon the plea of the statute of limitations—he having been brought into the suit more than one year after the date of the accident—and a judgment against the city for $1,000. The city of Richmond having paid this judgment, amounting, principal, interest and cost, to the sum of $1,079.24, brings the suit now before us, to recover over against Fritz Sitterding the sum so paid by it, alleging that it was by his wrongful and negligent act that the sidewalk was rendered unsafe, thereby causing the injury for which Leaker had recovered his judgment against the city.

The whole matter of law and fact having been submitted to the court, judgment was rendered in favor of the defendant, Sitterding. This action of the lower court we are now asked to review.

It appears from the evidence that Fritz Sitterding, a general builder and contractor, was erecting for himself four buildings on a lot owned by him at the corner of Leigh and Fourth streets, in the city of Richmond, and that he did all of the carpenter work by his employees. It further appears that the firm of Jones & Green were general contractors and bricklayers, and as such, under contract in writing, undertook to do, and did all of the brick-work on said houses; that Jones & Green were competent contractors; that they employed and paid all labor necessary for the fulfillment of their contract, and exercised entire supervision over the same, and over their employees. It further appear that a plank walkway at the end of the mortar-bed in the driveway of the street, across the gutter, and extending some distance into or over the sidewalk, and above the level thereof, was so placed by the brick contractors or their employees for the use of their laborers in carrying brick and mortar into the buildings.

It is contended on behalf of plaintiff in error that the defend-

ant Sitterding, having had notice of the pendency of the suit of *"Leaker* v. *City of Richmond,"* and opportunity to make his defence in that suit, and having failed to do so, is now estopped from showing that it was not through his fault that the accident happened.

It is further insisted that the question of Sitterding's ultimate liability was *res adjudicata* by reason of the judgment in the Leaker case.

Both these contentions are without merit. This is not a suit between the same parties or their privies that were litigants in the case of *Leaker* v. *City of Richmond.* So far as Sitterding is concerned, that case was not heard on its merits, but went off under an instruction of the court on the plea of the statute of limitations. The judgment in the former case is conclusive only of the fact that Leaker was injured by falling over a plank walkway; that the city was guilty of negligence; and that Leaker recovered damages to the amount of $1,000, but upon well-settled principles it cannot be held to be conclusive of Sitterding's negligence, or of his liability to the city. Those questions were left open, and are now for the first time brought to issue.

The general rule is that for a judgment to be evidence against a party in another suit upon a different cause of action, it must be rendered in a proceeding between the same parties or their privies, and the point must be involved in both cases and must have been determined upon its merits. If the first action is disposed of upon any ground that does not go to its merits, the judgment rendered will not conclude the party. *Fishburne* v. *Engledove,* 91 Va. 548, 22 S. E. 354.

In cases like that under consideration, it is well established that a municipal corporation has a remedy over against a person who has so used the streets as to produce the injury, unless the corporation concurred in the wrong. But in such an action to recover back the damages the city has been compelled to

pay for his assumed neglect, it is competent for the defend-
ant to show that he was under no obligation to keep the street
in safe condition, and that it was not through his default that
the accident happened. *City of Chicago v. Robins*, 2 Black
(U. S.) 418, 17 L. Ed. 298; *City of Boston* v. *Worthington*, 10
Gray. (Mass.) 496, 71 Am. Dec. 678; *Catterlin* v. *City of
Frankfort*, 79 Ind. 547, 4 Am. Rep. 627; 2 Dillon Munic.
Corp., sec. 1035.

The further contention on behalf of the plaintiff in error,
that the firm of Jones & Green, contractors for the brick-work,
were not independent contractors, is also without merit. This
question is concluded by the recent decision of this court in
*Emmerson* v. *Fay*, 94 Va. 60, 26 S. E. 386. It is there said that
where a person is employed to perform a certain kind of work
which requires the exercise of skill and judgment as a mechanic,
the execution of which is, because of his superior skill, left to his
discretion, without restriction upon the means to be employed
in doing the work, and employs his own labor, which is sub-
ject alone to his own control and direction, the work being
executed either according to his own ideas, or in accordance
with plans furnished him by the person for whom the work is
done, such a person is not a servant under the control of a
master, but an independent contractor; and hence it was held
that one employed to do the wood-work on certain dry kilns
was an independent contractor, notwithstanding the fact that
his compensation was measured by a *per diem*, and the further
circumstance that the employer was to furnish the material.

The general rule is that where the owner employs a careful,
skilful and competent builder or contractor to erect his build-
ing, and surrenders the possession of the premises for that pur-
pose, then in such case the owner is not liable for an injury oc-
curring to a stranger by the negligence or default of the con-
tractor or his immediate servants or employees engaged in
doing the work. *Emmerson* v. *Fay*, 94 Va. 60, 26 S. E. 386;

*City of Molin* v. *McKinnie,* 30 Ill. App. 419 ; *Hilliard* v. *Richardson,* 3 Gray (Mass.) 349, 63 Am. Dec. 743.

. The contention on behalf of plaintiff in error is that the case at bar is not governed by the general rule, but comes within an exception as well established as the rule itself. The exception relied upon is fully recognized by all of the authorities that we have examined; the doctrine being that if the enterprise entered upon by the owner of the premises is inherently and necessarily dangerous, or where danger and hazard must necessarily accompany the work, or where the doing of the work will necessarily create a nuisance, then the prosecution of the work becomes unlawful, and in such cases the owner cannot escape personal liability by contracting with another to do the work.

It cannot be successfully maintained that building a house on a lot abutting upon a street is inherently and necessarily dangerous, or that danger and hazard must necessarily attend its erection. It is a lawful work and of necessity engaged in by thousands every day, and if carefully and properly done involves no danger to any one. The negligence of the employees of the brick contractor in leaving their plank walkway extended upon the sidewalk after night was not a necessary incident of the work or even to be anticipated by any one. The case of *Hilliard* v. *Richardson, supra,* is in all essential particulars like the case at bar, and it is there held in an able opinion, in which the authorities are reviewed, that the owner of land, who employs a carpenter to alter and repair a building thereon, and to furnish all the materials for the purpose, is not liable for damages resulting to a third person from boards deposited in the highway in front of the land by a teamster in the employ of the carpenter, and intended to be used in such alteration and repair.

In the case of *City of Moline* v. *McKinnie, supra,* it is held that the employer of a skilful and competent person, under a contract to perform a certain labor, of which he will have ex-

clusive control until completion, cannot be made liable for injuries arising from the negligence of such contractor or his employees. The erection of buildings adjacent to a highway, with the usual and necessary excavations, and the consequent obstructions to the sidewalk and street, is held not to be within the exception to the general rule, which attaches liability to employers where the work in hand is inherently dangerous, or will necessarily create a nuisance. Authorities to the same effect might be multiplied, but it is not necessary to go beyond our own jurisdiction, the case of *Emmerson* v. *Fay, supra,* being conclusive of the view that the case at bar does not come within the exception relied on.

For these reasons the judgment complained of must be affirmed.

*Affirmed.*