## Wytheville.

### PEELE v. BRIGHT.

#### June 8, 1916.

#### Absent, Cardwell, J.

1. INSTRUCTIONS—*Conflicting Aspects of Evidence—Ignoring One of Them.*— Where the evidence in a case is susceptible of two interpretations, it is error for the trial court, by its instructions, to withdraw one of them from the consideration of the jury.

2. GENERAL CONTRACTOR—*Duty to Independent Contractor—To Servants.*— A general contractor is under as much legal obligation to refrain from doing an injury to an independent contractor at work for him and at a point designated by him, as if he were his servant.

3. INSTRUCTIONS—*Erroneous as Offered—Correction.*—If an erroneous instruction is tendered and refused, and no modification is asked, the court is under no obligation to give a new and correct one.

4. VERDICTS—*Conflicting Evidence.*—Where the evidence in a case is conflicting, the verdict of the jury is, as a rule, conclusive.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*S. Burnell Bragg*, for the plaintiff in error.

*J. S. Barron*, for the defendant in error.

KELLY, J., delivered the opinion of the court.

Calvin Peele, a contractor, was engaged to tear down certain buildings and do certain other work on

a lot in the city of Norfolk. Anthony Bright, an aged colored man, was employed by him to clean and hack old brick on the premises at the rate of one dollar per thousand, Bright furnishing his own tools and selecting his own hours for work. Several other colored men were similarly employed.

While engaged at this work and at a point on the premises assigned to him by Peele, a tree standing on the lot was cut down by men employed by the latter and acting under his orders. This tree struck Bright and caused injuries for which he brought an action against Peele, and recovered the judgment here in question.

The first error assigned is that the court imporperly refused to give the following instruction asked for by the defendant: "The court further instructs the jury that the defendant did not owe to the plaintiff the same degree of care as if the plaintiff was an employee or servant of the defendant. The plaintiff was an independent or sub-contractor, and was not under the direct management and control of the defendant."

The instruction was erroneous and properly refused for two reasons. The first is that, to say the least of it, there was an abundance of evidence tending to show that the plaintiff was the employee and servant of the defendant in the commonest and most usual sense of those terms. If the evidence is at all susceptible of two interpretations, certainly one of them would be that the plaintiff was an ordinary employee of the defendant. This being true, the instruction improperly withdrew from the jury the question, whether the relation of independent contractor did in fact exist between the parties. *Emerson* v. *Fay*, 94 Va. 60, 64, 26 S. E. 386; *Stagg* v. *Taylor's Admr.*, *post.* p. 266 89 S. E. 237. The second objection to the instruction is that

it incorrectly defines the defendant's duty, even if plaintiff did stand in the relation of an independent contractor. He was lawfully on the premises, engaged at work at the instance of the defendant and at a point designated by him. Under these circumstances, conceding that the plaintiff was an independent contractor, the defendant was under as much legal obligation to refrain from felling a tree on him as if his relation were that of a servant. The principle is elementary and of frequent and general application. See, for example, 2 Thomp. on Neg. sec. 1840.

The court was not asked for any modification of the instruction and was under no obligation to give in place of it a new and correct one. *C. & O. Ry. Co.* v. *Stock*, 104 Va. 97, 109, 51 S. E. 161.

It is next urged that the court erred in its instructions to the jury upon the duties which a master owes to his servants. It is not claimed that the instructions incorrectly state the law if the plaintiff was an employee and not an independent contractor, the sole point made against them being that no instructions at all should have been given on the subject of master and servant. What has already been said of the evidence is sufficient to show that this assignment must be overruled.

Finally, it is claimed that the court erred in refusing to set aside the verdict and grant a new trial, because, as alleged, (1) the plaintiff was not a servant, but an independent contractor, (2) the defendant was not shown to be guilty of any negligence, and (3) the plaintiff was guilty of contributory negligence.

The first of these grounds has already been disposed of in dealing with the instructions.

As to the negligence of the defendant, the declaration alleges, and the evidence tends materially to

show, that the defendant caused the tree to be cut and negligently failed properly to control it by guide ropes or other proper means so as to cause it to fall in a safe direction, and negligently failed to give the plaintiff proper and sufficient notice or warning before the tree was cut and allowed to fall. No guide ropes were used, but an effort was made to control the direction in which the tree would fall by a prop or shore, which was wholly insufficient for the purpose and broke to pieces under the weight, affecting only to a slight extent the course of the fall.

As to the contributory negligence of the plaintiff, there was evidence to show that he was duly notified and warned, and that he did not take proper steps for his own safety, but this evidence is in conflict with other testimony in the case, and the verdict of the jury upon this question, therefore, as well as upon the question of the defendant's negligence, is conclusive upon us.

There is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*