## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### STAGG V. TAYLOR'S ADMINISTRATOR.

#### June 8, 1916.

#### Absent, Cardwell, J.

1. MASTER AND SERVANT—*General Contractors—Owners—Supervision of Work—Employees.*—The mere fact of undertaking to build a house, either as owner or as general contractor (subject to certain exceptions) does not place such owner or contractor in a position of liability for injuries resulting from the negligence of those in charge of the work. To establish such liability against the owner or contractor, it must be shown that the relationship of master and servant exists and this rule applies to subcontractors who engage to do only part of the construction work. The reservation of the right of supervision by the owner or contractor, or his representative, for the purpose of seeing that the specific work is done in compliance with the contract, does not affect the rule, so long as this supervision relates, as in this case, only to results and not to the methods of doing the work.

2. INDEPENDENT CONTRACTORS—*Questions for Court and Jury.*—As a general rule it is for the court to define the relation of independent contractor, and for the jury to say whether, under the evidence, that relation exists; but where, as here, the evidence admits of only one conclusion, a verdict to the contrary cannot be upheld.

Error to a judgment of the Law and Equity Court of the city of Richmond, in an action of trespass on the case. Judgment for the plaintiff. One of the defendants assigns error.

*Reversed.*

The opinion states the case.

*L. O. Wendenburg,* for the plaintiff in error.

*A. B. Dickinson, George J. Hooper* and *C. R. Sands,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

This action of trespass on the case was brought by the administratrix of Moses Taylor against Thomas E. Stagg and W. J. Woodson to recover damages for Taylor's death, which was alleged to have resulted from the negligence of the defendants. There was a verdict and judgment against both Stagg and Woodson, and thereupon the former obtained this writ of error.

The defendant, Stagg, was a building contractor and manufacturer of building material in the city of Richmond. His nephews, Powell Bros., conducted a shoe store in a building known as No. 1541 East Main street. This property was owned by Powell Bros., but the title thereto stood in Stagg's name. There was a vacant lot adjoining No. 1541 which Powell Bros. did not own, but which they had arranged to utilize in the construction of an addition to their store. This addition was to have brick walls and a concrete roof, and also required some carpenter's and miscellaneous work, including a door to be cut through an old wall, and the cleaning of some old brick.

Stagg, being a practical builder, undertook to look after the erection of the building for his nephews. There were two applications presented to the building inspector for permits, one signed by Stagg as the owner of No. 1541, and the other by G. W. Brown, as the owner of the vacant lot on which the new building was to be erected. Both applications designated Stagg as the contractor. The evidence, as a whole, was sufficient to warrant the jury in finding that he stood in the relation of a general contractor. His personal connection with the actual construction, however, was not intended to go, and did not go, beyond the point of looking after results, just as an owner might have

done, and seeing that the building was erected in accordance with the plans and specifications.

To this end, he engaged the services of one Flournoy, an experienced builder, and arranged through him to obtain bids for the various classes of work to be done. He then accepted bids from Haywood Bros. for the brick work, from the defendant, Woodson, for the concrete work, and from Flournoy himself for the carpenter work and the work of cutting through the old brick wall and cleaning the old bricks. He also employed Flournoy to superintend the entire work, only for the purpose, however, of determining whether it was being done according to contract. Stagg did not employ any of the men who were at work under the respective subcontractors above mentioned. The decedent, Taylor, and another man were hired to Flournoy by the day to cut through the old wall and clean brick, and they did not known Stagg in the transaction.

The subcontractor, Woodson, negligently removed the forms or supports from the concrete roof while it was green. The roof fell, and Taylor was caught under it and killed. Some days before the accident occurred, Stagg learned that Woodson was about to take the forms out, and told him positively that he must not do it as the concrete was too green. So far as the record shows, nothing further was said or done involving Stagg's connection with the matter until several days later when he was informed that the supports had been removed and Taylor had been killed.

The declaration alleged that Taylor was the servant and employee of Stagg, and that Woodson was his "subcontractor and servant." We find no evidence at all, however, to sustain the alleged relationship of master nad servant between the defendant Stagg and either Taylor or Woodson; and the result is to elimi-

nate a number of questions discussed in the briefs of counsel, and to bring the case within a narrow compass.

The mere fact of undertaking to build a house, either as owner or as general contractor (subject to certain exceptions not material here) does not place such owner or contractor in a position of liability for injuries resulting from the negligence of those in charge of the work. To establish such liability against the owner or contractor, it must be shown that the relationship of master and servant exists (*Emerson* v. *Fay*, 94 Va. 60, 62, 26 S. E. 386) and this rule applies to subcontractors who engage to do only part of the construction work. *Richmond* v. *Sitterding*, 101 Va. 354, 358, 42 S. E. 562, 65 L. R. A. 445, 99 Am. St. Rep. 879; 26 Cyc. 1552; note to *Stone* v. *Cheshire R. R. Corp.*, 51 Am. Dec. 201. The reservation of the right of supervision by the owner or contractor, or his representative, for the purpose of seeing that the specific work is done in compliance with the contract, does not affect the rule, so long as this supervision relates, as in this case, only to results and not to the method of doing the work. *Bibb's Admr.* v. *N. & W. R. Co.*, 87 Va. 711, 750, 14 S. E. 163; 26 Cyc. 1549, 1550; *Powell* v. *Construction Co.*, 88 Tenn. 692, 13 S. W. 691, 17 Am. St. 928.

If it be conceded that there was enough evidence to carry to the jury the question whether Flournoy was the servant of Stagg, and not an independent contractor under him in the mere supervision of the work, there was clear and uncontradicted proof that Flournoy had the contract for the part of the work which Taylor was doing, and that Taylor was Flournoy's and not Stagg's employee; and it was competent for Flournoy to be a servant as to the former and an independent contractor as to the latter class of work. 26 Cyc.

1552 (j); *Hedge* v. *Williams*, 131 Cal. 455, 63 Pac. 721, 64 Pac. 106, 82 Am. St. 366.

As a general rule it is for the court to define the relation of independent contractor, and for the jury to say whether, under the evidence, that relation exists; but where, as here, the evidence admits of only one conclusion, a verdict to the contrary cannot be upheld. *Hedges* v. *Williams, supra.*

There was, as already noted, no evidence to show that either Taylor or Woodson was the servant of Stagg, and there was affirmative and convincing evidence to the contrary. In this state of the record there can be no recovery against Stagg, and the motion of his counsel to exclude all the evidence in the case bearing upon him should have been sustained.

Having reached this conclusion, it becomes unnecessary for us to discuss the other questions in the case. The judgment will be reversed, and the case remanded for a new trial to be had, if the plaintiff shall be so advised, in conformity with the views herein expressed.

*Reversed.*