## Wytheville.

## DREYFUS AND COMPANY, INC., V. WOOTERS.

June 13, 1918.

Absent, Burks, J.

1. FELLOW SERVANTS—*Porter and Clerk—Case at Bar.*—A porter in a store, in pursuance of his usual work, washed the windows and mopped the floor of the vestibule, and as the temperature was unusually low, a small quantity of water froze on the floor of the vestibule. A clerk, who was late in reaching her work and was in a hurry, as she entered the vestibule of the store, slipped and fell upon the ice and injured her right shoulder. For this injury the clerk brought an action against her master, the proprietor of the store.

   *Held:* That the porter, while in the performance of his ordinary duties under the general directions of his master, was a fellow servant of the plaintiff.

2. FELLOW SERVANTS—*Instructions—Case at Bar.*—In the instant case, there was no original defect in the vestibule, but the ice which had suddenly accumulated created the danger, and this danger, according to the evidence of the defendant, had just been created solely because the porter had allowed the water to remain and freeze. If then the jury credited the evidence submitted by the defendant on this point, it would have been clearly their duty to find for the defendant. The refusal of the court thus to instruct them was, therefore, prejudicial.

3. MASTER AND SERVANT—*Safe Place to Work—Fellow Servants.*—The rule requiring the master to exercise proper care to provide a reasonably safe place for his employees does not require the master to exercise constant vigilance and supervision over the routine duties of his servants. If such place suddenly becomes unsafe by reason of some negligence of one servant and his fellow servant is thereby injured, the master is not responsible unless within a reasonable time after notice that such place has become unsafe, the master fails to remove the danger.

4. DAMAGES—*Master and Servant—Injury to Servant—Medical Expenses.*—In an action by a servant against her master for injury, the plaintiff, if entitled to recover, is unquestionably entitled to have the jury consider the amount of medical expenses incurred in consequence of her injury, but as the aggregate of those expenses were entirely within the knowledge of her physicians and herself, the jury should not have been instructed to allow for such expenses claimed in the declaration, in the absence of evidence from which they might with some degree of certainty ascertain the amount thereof. Where a plaintiff expects to recover therefor, they should be established by reasonable and proper proof.

5. DAMAGES—*Instructions.*—In an action against a master for injuries to a servant, an instruction that the plaintiff might recover "all damages which the evidence shows she has sustained," is objectionable where the previous clauses of the instruction had fully covered her mental and physical pain, pecuniary loss and every element of damage claimed in the declaration.

6. EXPERT AND OPINION EVIDENCE—*General Effects of an Ailment.*—Where a physician had testified that the plaintiff had a chronic case of brachial neuritis, there is no legal objection to having him describe the general effects of the ailment, including the suffering which usually follows such a condition.

Error to a judgment of the Hustings Court, Part II, of city of Richmond, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*R. H. Talley,* for the plaintiff in error.

*O'Flaherty & O'Flaherty,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court. ·

Katie Wooters, hereinafter called the plaintiff, recovered a judgment of Dreyfus and Company, Incorporated, here-

inafter called the defendant, in an action for personal injury, and the defendant is here assigning several errors in the proceedings.

The conceded facts are: That the plaintiff was one of twenty-five or more clerks employed by the defendant at its store in Richmond, and on the morning of February 13, 1917, when she was late reaching her work and in a hurry, she entered the vestibule of the store, slipped and fell upon ice which had recently accumulated in the vestibule just in front of the door, and injured her right shoulder. The porter in the store, in pursuance of his usual work, had that morning washed the windows and moped the floor of the vestibule, and as the temperature was unusually low for this section—that is, about ten degrees above zero—a small quantity of water had frozen in the vestibule and caused the accident.

The theory of the plaintiff is that the porter was performing a non-assignable duty of the defendant to exercise ordinary care to provide a reasonably safe place for its employees, and hence, in any event, that it is responsible for the negligence alleged; and in addition to this that the porter in performing his work on that morning was acting under the direct supervision and specific orders of the assistant manager of the store, representing the defendant.

The defendant's theory of the case is that it had not been guilty of any negligence; that the plaintiff was guilty of contributory negligence in not observing the ice; and that if there was any other negligence it was that of the porter, a fellow-servant of the plaintiff, and that therefore there can be no recovery.

There was evidence tending to establish each of these opposing theories. Among the errors assigned is the refusal of the court to give the following instruction: "The court instructs the jury that all employees serving a common employer, working under the same control, deriving

compensation and authority from the same source, and engaged in the same general business, although in different grades or departments, are fellow-servants, and take the risk of each other's negligence. And if the jury believe from the evidence that the injury to the plaintiff was caused by the negligent act of a fellow-servant, then the plaintiff is not entitled to recover and you should find for the defendant, unless you further believe from the evidence that the employer failed to use due care to provide a reasonably safe place for the use of the plaintiff."

It is manifest to us that this constitutes harmful error. There can be no doubt that the porter while in the performance of his ordinary duties under general directions of the defendant was a fellow servant of the plaintiff, and that the defendant, under the evidence introduced, was clearly entitled to have the jury properly instructed upon the question thus presented. The floor of the vestibule was of tiling, which was perfectly safe under ordinary conditions, and on this morning, although a number of people had passed over it, no one else was injured. The rule requiring the master to exercise proper care to provide a reasonably safe place for his employees does not require the master to exercise constant vigilance and supervision over the routine duties of his servants. If such place suddenly becomes unsafe by reason of some negligence of one servant and his fellow servant is thereby injured, the master is not responsible unless within a reasonable time after notice that such place has become unsafe, the master fails to remove the danger. That the vestibule was absolutely safe before the accumulation of the ice is clear.

In *Richmond Locomotive Works* v. *Ford*, 94 Va. 628, 27 S. E. 509, this is held: "It is the duty of the master to furnish and maintain a reasonably safe place in which the servant is to work, and this duty is personal to the master. But if the place is reasonably safe in the first instance, and

is afterwards rendered unsafe by the negligent manner in which the boss or foreman of a gang of hands directs the work to be done, in doing which an injury is inflicted, the master is not liable for such injury." *Trigg* v. *Lindsay*, 101 Va. 193, 43 S. E. 349; *Norfolk & Western Ry. Co.* v. *Houchins*, 95 Va. 398, 28 S. E. 578, 46 L. R. A. 359, 64 Am. St. Rep. 791; *Russell Creek Coal Co.* v. *Wells*, 96 Va. 416, 31 S. E. 614; *Southern Ry. Co.* v. *Mausey*, 98 Va. 692, 37 S. E. 285; *Southern Ry. Co.* v. *Smith*, 107 Va. 553, 59 S. E. 372; *Reid* v. *Medley*, 118 Va. 462, 87 S. E. 616.

In *Burke* v. *National India Rubber Co.*, 24 R. I. 446, 44 Atl. 307, the facts were, that the plaintiff was employed in the mill of the defendant, and two or three hours before the accident complained that certain other employees of the defendant, in the course of their employment, had thrown grease upon the floor of the room through which it was necessary for the plaintiff to pass. The plaintiff slipped on the grease and fell against some of the machinery and suffered injury. It was there held that the cleaning up of floors of manufactories is a part of the duty of the servant rather than of the master, and if such work is not properly done and an accident results to a servant in consequence of the absence of notice to the master of the conditions, the negligence is that of a fellow servant, provided both were engaged in a common employment. This duty is distinguishable from that of the master to furnish reasonably safe premises for the use of its servants. It was further held, that two or three hours was too short an interval of time to charge the master with notice of the unsafe condition of the premises caused by that negligence, it appearing that the premises, except for such negligence, were reasonably safe.

So, here there was no original defect in the vestibule, but the ice which had suddenly accumulated created the danger, and this danger, according to the evidence of the defendant,

had just been created solely because the porter had allowed the water to remain and freeze. If then the jury credited the evidence submitted by the defendant on this point, it would have been clearly their duty to find for the defendant. The refusal of the court thus to instruct them was, therefore, prejudicial. *Peele* v. *Bright,* 119 Va. 182, 89 S. E. 238.

Another error alleged is in instruction No. 5, which was granted by the court at the instance of the plaintiff. That instruction told the jury, among other things, that they might allow "also any sums of money which she may have paid or will be obligated to pay for doctors' bills, medicines, etc., in and about being cured of her said injuries, and all damages which the evidence shows she has sustained * * *"

The plaintiff had introduced the evidence of three physicians who had attended her and given her treatment, but had not proved what the expense of such treatment had been, except as to one payment of $10.00. The plaintiff, if entitled to recover, was unquestionably entitled to have the jury consider the amount of medical expenses incurred in consequence of her injury, but the aggregate of those expenses were entirely within the knowledge of her physicians and herself, and the jury should not have been instructed to allow for such expenses claimed in the declaration, in the absence of evidence from which they might with some degree of certainty ascertain the amount thereof. In this case the jury could only speculate as to the amount of these expenses, with the exception above mentioned. Where a plaintiff expects to recover therefor, they should be established by reasonable and proper proof. The general clause, that she might recover "all damages which the evidence shows she has sustained," is also objectionable because the previous clauses of the instruction had fully covered her mental and physical pain, pecuniary loss and every element of damage claimed in the declaration.

The only other assignment of error which we deem it

necessary to notice, is an objection to the testimony of Dr. J. T. McKinney, a witness for the plaintiff, as to the extreme suffering which comes from a case of brachial neuritis. The physician had testified that the plaintiff had a chronic case of brachial neuritis, and there is no legal objection, under such circumstances, to having the doctor describe the general effects of the ailment, including the suffering which usually follows such a condition; and this is in effect all the witness testified to on this point. There is no merit in this assignment.

It is clear to us that for the error in refusing to instruct the jury, in effect, that if the proximate cause of the accident was the negligence of the porter, the plaintiff could not recover, the judgment must be reversed.

*Reversed.*