FRANK M. LINDSAY vs. BERTHA L. MCCASLIN.

MARTHA J. LINDSAY vs. SAME.

Washington.　　Opinion October 27, 1923.

*The rule as to non-liability of the employer for the acts of a contractor does not apply where the contract directly requires the performance of a work intrinsically dangerous, however skilfully performed. Fire is inherently dangerous.*

The denial of the motion for a directed verdict was clearly not error; that there was negligence on the part of some person or persons is clearly manifest. In these cases whether the negligence was that of an agent, or independent contractor, was the paramount question, and in either event it was for the jury to determine whether the work was performed in a negligent manner. It is further very evident that a contrary verdict is sustainable on the evidence.

With no fact in dispute as to the terms of the employment, it is well settled that the effect of the language used was a question of law for the court and not a question of fact for the jury. It follows that the exception taken to the instruction of the Justice presiding must be overruled.

The owner of blueberry land, or any land requiring burning, owes a duty to his neighbor which he cannot lay aside, or shirk, by leaving the work to a so-called independent contractor, and thus evade his legal duty so to operate his land that his neighbor will not be injured by his negligence.

On exceptions.　These two actions on the case were brought under R. S., Chap. 30, Sec. 13, to recover damages suffered by plaintiffs in having had their buildings burned by a fire spreading from a fire kindled by one Everett M. Grant on adjoining land owned by defendant, plaintiffs claiming that said Grant acted as the agent of defendant, and acted negligently in kindling or setting the fire on defendant's land. Defendant contended that said Grant did the burning on her land without her supervision, direction or control, as an independent contractor, and was not her agent or servant. A verdict of $1,058.00 was rendered for Martha J. Lindsay, and one for $627.00 rendered for Frank M. Lindsay.

Counsel for defendant moved for a directed verdict for defendant in each case, which the presiding Justice denied, and defendant excepted. Defendant also excepted to an instruction by the court to the jury that said Grant was the servant and agent of the defendant. Exceptions overruled.

The case is fully stated in the opinion.

*Reed V. Jewett and Gray & Sawyer,* for plaintiffs.

*H. L. Crabtree and C. B. & E. C. Donworth,* for defendant.

SITTING: SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.
MORRILL, J., concurring in the result.

HANSON, J. These cases were tried together. The plaintiff Martha J. Lindsay, on April 25, 1922, owned a lot of land in Harrington in Washington County, with buildings thereon, on the west side of the town road leading to Addison, and the plaintiff Frank M. Lindsay owned a somewhat similar piece of property on the same road about one half mile further south. The defendant on the same day was owner of certain land on which blueberries were cultivated, which land, known as the Pinkham lot, lay immediately north of Martha J. Lindsay's lot and separated from the same by a cross-road leading into said town road. Mrs. Lindsay also owned a narrow strip of land north of said cross-road, so that the defendant's lot, known as the Pinkham lot, was bounded on the south by said cross-road and also by the narrow lot of the plaintiff, Martha J. Lindsay.

The defendant, desiring to cultivate the blueberry land, entered into an agreement with one Everett M. Grant to burn the land. Mr. Grant, with men employed by him for the purpose, proceeded to carry out the contract. The second day of the burning, the fire spread beyond the land of the defendant to and over the lands of the plaintiffs, destroying the buildings of the plaintiffs. For the consequent damage these suits were brought. Verdicts were returned for the plaintiffs in both cases, and they are now before us on exceptions by defendants.

The record shows that Mr. Grant wrote the defendant asking her to employ him to burn the land. The defendant replied by 'phone, and she states "that I contracted with Mr. Grant to do the work for me, using his own time and judgment," and further, "He was to hire his men, as many as he needed to burn the land in a safe way; use his

own time and judgment. I knew nothing about the land or the work; and when he got through to send the bill to me." Mr. Grant's testimony is in substance the same as defendant's.

The defendants pleaded the general issue and by brief statement set up the defense relied upon, that "Everett Grant was burning her land without supervision, direction or control of the defendant and was not the defendant's servant or agent, but that he was doing such burning as an independent contractor, and that defendant kindled no fires on her land, referred to in plaintiffs writ."

At the conclusion of the testimony, counsel for the defendant moved for a directed verdict for the defendants. The motion was denied and exception was taken.

In his charge to the jury the presiding Justice gave the following instruction: "So as to give progress to the case I hold that he (Everett M. Grant) was not an independent contractor, but her agent and servant, so that whatever he did, she did," etc. To this instruction defendant's counsel seasonably excepted, and these two exceptions we are now to consider.

The first exception. The denial of the motion for a directed verdict was clearly not error. That there was negligence on the part of some person or persons is clearly manifest. In these cases whether the negligence was that of an agent, or independent contractor, was the paramount question, and in either event it was for the jury to determine whether the work was performed in a negligent manner. It is further very evident that a contrary verdict is sustainable on the evidence.

The second exception. Defendant's counsel in their brief, when urging the validity of the first exception, say, "The terms disclosed by the evidence on which Mr. Grant was engaged to burn the defendant's land contain all the elements necessary to make and constitute Grant an independent contractor—determining for himself in what manner the work should be done, engaging in an independent employment, using his own means, method and time, for doing the work— and the evidence in these respects *is not disputed or controverted*." With no fact in dispute as to the terms of the employment, it is well settled that the effect of the language used was a question of law for the court and not a question of fact for the jury. It follows that the exception taken to the instruction of the Justice presiding must be overruled. *Mehan* v. *Walker*, 117 Atl., 609. New Jersey Ct. of

Errors and Appeals. When the contract of employment has been reduced to writing, the question whether the person employed was an independent contractor or merely a servant is determined by the court as a matter of law. *Richmond* v. *Sitterding*, Virginia Court of Appeals, 15 L. R. A., 446, and cases cited. If no written contract has been executed, the character of the relation between the parties is a question for the jury, when the evidence with respect to the essential and determinative facts is conflicting. Note to *Richmond* v. *Sitterding*, supra. In *Emerson* v. *Fay*, 94 Va., 60, 26 S. E., 386, it was laid down broadly that what constitutes an independent employment is a question of law, to be decided upon the facts as proved. Id. "If I employ a contractor to do a job of work for me, which in the progress of its execution exposes others to unusual peril, I ought, I think, to be responsible . . . for I cause acts to be done which naturally expose others to injury." Id. citing *Norwalk Gas Co.* v. *Norwalk*, 63 Conn., 495, 28 Atl., 32, quoting from the opinion of Seymour, J. in *Lawrence* v. *Shipman*, 39 Conn., 586. The rule as to non-liability of the employer for the acts of a contractor does not apply where the contract directly requires the performance of a work intrinsically dangerous, however skilfully performed. Id. 2 Dill. Mun. Corp., Section 1029. *White* v. *New York*, 44 N. Y. Supp., 454. If, however, the work is one that will result in injury to others unless preventive measures be adopted, the employer cannot relieve himself from liability by employing a contractor to do, or what it was his duty to do, to prevent such injurious consequences. In the latter case the duty to so conduct one's business as not to injure another remains with the employer. Id. citing *Bailey* v. *Troy & B. R. R. Co.*, 57 Vt., 252.

The testimony coming entirely from the defendant's witnesses, shows that the employment was by the day, not a contract for a sum certain,—the employees, including Mr. Grant, were paid by the day, Grant receiving the same as the others. It is clear that the defendant had not parted with her right to control the burning. She could have cancelled the contract, or stopped the work at any stage, had she been so disposed. The record discloses that the work was carelessly and negligently performed. The burning of land at any time when burning is possible, is attended by danger of its spreading beyond the limits of the owner's land to adjoining territory. It does not of itself cease when the line is reached. Fire is inherently dangerous. The

owner of blueberry land, or any land requiring burning, owes a duty to his neighbor which he cannot lay aside, or shirk, by leaving the work to a so-called independent contractor, and thus evade his legal duty so to operate his land that his neighbor will not be injured by his negligence. The necessity for greater care on the part of an owner has increased, due to the expansion of the blueberry industry. Such owners, and all others desiring to burn land, should have in mind the following provision of our statutes: "Whoever for a lawful purpose kindles a fire on his own land, shall do so at a suitable time and in a careful and prudent manner; and is liable, in an action on the case, to any person injured by his failure to comply with this provision." R. S., Chap. 30, Sec. 17. In *Woodman* v. *Metropolitan R. R. Co.*, 149 Mass., 334, a street railway corporation employed to lay a new track in a city street a contractor who so negligently enclosed the space where the new track was being laid that the ends of the rails lying there projected beyond the barrier into the street at a point where there was no cross-walk. A person crossing the street at this point after dark fell over the ends of the rails and was injured. The court held that the corporation was liable for the injury, and that the fact that the work was being done under an independent contract would not exonerate it from liability. The court in reaching this conclusion say, "It is argued that the work was done by an independent contractor. Assuming that there was evidence warranting that conclusion, we are of opinion that the fact would not exonerate the defendant. In some cases a party is liable notwithstanding the intervention of an independent contractor lawfully employed. A plain case is when he is made personally responsible by statute for the prevention of the cause of the damage complained of. *Gray* v. *Pullen*, 5 B. & S., 970." That the defendant was bound to see that due care was used to prevent harm was again emphasized by the same court following the principle recognized in *Woodman* v. *Metropolitan R. R.*, supra. *Wetherbee* v. *Partridge*, 175, Mass., 185.

This principle was followed, and the above cases quoted with approval, in *Keyes* v. *Baptist Church*, 99 Maine, 308.

We think the ruling and instruction of the presiding Justice were correct.

The entry will be,

*Exceptions overruled.*