## CHARLOTTE M. GEER AND HUSBAND vs. ALLEN I. DARROW.

New London Co., Oct. T., 1891. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

The defendant was employed by a city to build a retaining wall for the purpose of widening the traveled part of a street. He was to be paid by the day for his work and that of his men, who were hired and paid by him and were wholly under his direction and control. The work required the use of a heavy derrick, supported by four guy-ropes, one of which crossed the street at nearly right angles, but was so placed as not to obstruct travel. In lifting heavy stones the guy-rope over the street, unless supported by a prop, would slacken and drop so as to interfere with travel for a few moments, and when the stone was dropped in its place the rebound of the derrick would tighten the rope with considerable force. It thus caught the top of a phaeton in which the plaintiff was riding, and overturned it and injured her, she having been guilty of no want of care. The defendant was not personally present at the time of the accident. Held—

1. That the defendant and the workmen on the derrick sustained to each other the relation of master and servants, and that the workmen were not the servants of the city.

2. That the fact that the defendant was not personally present did not affect the case, he being liable for the negligence of his servants.

3. That the failure to have the guy-ropes supported by a prop, which was essential to the safety of travel on the street, was personal negligence on the part of the defendant in conducting the work.

Argued October 20th—decided November 16th, 1891.

ACTION for an injury to the plaintiff through the negligence of the defendant; brought to the Superior Court in New London County, and tried to the court, on a general denial, before *Robinson, J.* Facts found and judgment for the plaintiff and appeal by the defendant. The case is fully stated in the opinion.

*S. Lucas* and *C. W. Butler*, for the appellant.

1. So far as the facts detailed in the finding go to show negligence, the finding places it elsewhere than upon the defendant. He had no personal share in the transaction,

for it is found that he was not present. The facts show clearly that the apparatus in use about the derrick at that time was of a proper and safe character, and that if it had been properly handled by the workman in charge of the tail-rope the accident could not have happened. Unless imputable to the defendant under some proper application of the rule *respondeat superior*, the burden of that negligence cannot be transferred to this defendant by any artificial and arbitrary claim of constructive liability against him.

2. The defendant is not responsible under the rule *respondeat superior*. The injury was sustained by the plaintiff, Mrs. Geer, at a point in one of the highways of the city of New London where repairs of that highway were in progress. The plaintiff is complaining, not of the condition of that highway as then " defective " in any respect, but only of negligent conduct of persons engaged in the performance of work. The construction and repair of public highways is strictly a governmental duty. *Jewett* v. *New Haven*, 38 Conn., 379, 388; *Burritt* v. *New Haven*, 42 id., 197. The state has imposed that duty upon the several towns as its agents. Gen. Statutes, sec. 2666. By the charters of the several cities in the state, that duty, as to the highways within their limits, has been transferred to the city corporations. *Beardsley* v. *City of Hartford*, 50 Conn., 529. It has been so assigned to the city of New London, which by the express terms of its charter is required " to make and repair all public streets, highways, roads and bridges within the limits of said city." 3 Special Acts, 432. The city cannot divest itself of that duty, nor can it escape or diminish its obligations and responsibilities under it, either by contract or ordinance, unless it shall be authorized by statute so to do. Deering on Negligence, § 10, and cases there cited; *Watson* v. *Tripp*, 11 R. Isl., 98. No such provision exists as yet in the law of Connecticut. If the defendant had contracted to do this work, (which the finding shows was not the fact,) even with express agreement on his part to assume all the city's obligations and responsibilities in it, such agreement would be insufficient to transfer to him the city's

duty or responsibility. *Brooks* v. *Somerville*, 106 Mass., 271. The city of New London, then, was the responsible superior, at every stage of this work. This is none the less true because of the fact that the governmental character of the duty involved may afford the city a shield against liability to the plaintiff. The special immunity granted to the superior and principal in this class of cases may leave this plaintiff to look for damages solely to the servant actually engaged in the work,—the workman employed at the tail-rope. And that may, indeed, shut the door on the chance of realizing any of the money compensation here claimed. But this fact is not efficacious to create a liability against this defendant, who was absent from the scene of the accident, and who is neither the actual wrong-doer nor the responsible superior. The defendant owed no duty to anticipate the negligence of the workman operating the derrick. Pollock on Torts, 387.

3. But assuming that the city had the power to make such a contract relative to this work as would relieve it of the relation of master and servant between it and the workman employed, did it attempt to make any such contract? The portion of the finding that bears on this point is as follows: —" The defendant undertook to do this piece of work for the city, and his remuneration therefor was agreed to be measured by the days' and hours' work of himself and his men. The defendant was not employed by the city as an overseer, or as a superior workman, to superintend the operations of the inferior servants of the city; the defendant hired and paid the workmen who did the work such wages weekly as he and they agreed upon. Said workmen were fully under his control and direction, and without control or interference in any way of the city or its officers, and were the men who constituted his regular gang of workmen in jobs and contracts undertaken by him. The defendant selected his own machinery, tools and appliances, and commenced upon and prosecuted the work without any other direction or control, on the part of the city or any of its agents, except at the beginning of the work, when the line,

course, height and nature of the wall were pointed out to him by the chairman of the street committee." It must be conceded we think that the court has not found that the defendant made any contract with the city to complete this work; these men were doing the city's work, a work imposed upon it by law to do. This is an important fact to be kept in mind in the consideration of the case. This element alone has been apparently decisive of many cases. This part of the finding commences by stating that "he undertook to do this piece of work," not that he agreed to do it. Had such been the fact the court would have stated it. He and the other workman simply entered upon and were doing the work by the day, without his being under any obligation more than they to complete it or continue the work upon it. The finding does not disclose any contract existing between the defendant and the city whereby the city parted with its power of directing and controlling this work. The men were not being worked by the defendant for the city at a profit. It would be highly unjust if the law held him liable for their negligence simply because he advanced the money to pay them in the first instance for their labor and was subsequently reimbursed by the city. The fact that these men constituted "his regular gang of workmen on jobs and contracts" is of no consequence. Could not such a gang be at work for the city as its workmen the same as any other gang? The defendant simply took charge of the job and was paid by the hour for the time he actually spent in doing it. His pay depended entirely upon his own labor and the amount of wages he paid his workmen, the amount of which, including names, prices and the hours of labor of each, he had to render to the city in order to obtain it. The question is not who in fact controlled these workmen, but had the city the right to the control at the time. The relation of contractor and contractee did not exist between the defendant and the city. *Randles* v. *Murray*, 8 Ad. & El., 109; *McMullen* v. *Hoyt*, 2 Daley, 271; *Bonniface* v. *Relyea*, 6 Rob., (N. Y.,) 397; *Brackett* v. *Lubke*, 4 Allen, 138; *Brooks* v. *Somerville*, 106 Mass., 274; *Burke* v. *Norwich & Worcester*

*R. R. Co.*, 34 Conn., 474; *Corbin* v. *American Mills*, 27 id., 274.

*J. Halsey* and *A. Brandegee*, with whom was *W. A. Briscoe*, for the appellees.

CARPENTER, J.   The defendant, at the request of the city of New London, undertook to build a new retaining wall for the purpose of widening the traveled part of a highway, using the materials in the old wall in constructing the new.   The work required the use of a heavy derrick, supported by four guy-ropes, one of which crossed the highway at nearly right angles, the derrick and ropes being so placed as not to obstruct travel on the street.   In lifting heavy stones the guy-rope over the street, unless supported by a prop, would slacken and drop, so as to interfere with travel for a few moments, and when the stone was dropped in its place, the rebound of the derrick would tighten the rope with considerable force.   On one occasion, just as the rope was about to resume its position, it caught in the plaintiffs' carriage, and the plaintiff Mrs. Geer was injured. In a suit for the injury the Superior Court assessed the damages at $1,500.   The defendant appealed.

The first two reasons of appeal raise the question whether the workmen with the derrick were the servants of the defendant or of the city.   The latter was the defendant's contention.   The Superior Court found and ruled against him.

The third reason of appeal is, that the court erred in holding the defendant liable notwithstanding his absence at the time of the accident.

The fourth and fifth reasons of appeal, being general, and mere conclusions from the first three, need not be separately considered.

1. Did the defendant and the workmen on the derrick sustain to each other the relation of master and servants? The finding is as follows:—" The defendant undertook to do this piece of work for the city of New London, and his remuneration therefor for himself was agreed to be meas-

ured by the days' and hours' work of himself and his men on the job. The defendant was not employed by the city as an overseer or as a superior workman to superintend the operations of the inferior servants of the city of New London; the defendant hired and paid the workmen who did the work such wages weekly as he and they agreed upon ; the workmen were fully under his control and direction, and without control or interference in any way of the city or its officers, and were the men who constituted his regular gang of workmen in jobs and contracts undertaken by him. The defendant selected his own machinery, tools and appliances, and commenced upon and prosecuted the work without any direction or control, on the part of the city or any of its agents, except at the beginning of the work, when the line, course, height and nature of the wall were pointed out to him by the chairman of the street committee."

This is explicit, and leaves little or no room for argument in support of the defendant's claim. The fact that the defendant's compensation was estimated by the day's work, instead of being a fixed sum for the whole job, is quite immaterial. Nor is it material that the city could abandon the work at its pleasure. Apparently it could not do so without violating its contract with the defendant, and that it might do in any case; but it still remains true that the city had no control over the workmen.

The question whether the city would or would not be liable on the ground of a defective or obstructed highway, is a question we need not consider. The work in its nature did not make the highway dangerous, so that the city did not necessarily incur any liability by causing the work to be done. The obstruction was the result of the negligent manner in which the work was done. Whether any liability attached to the city is not the question. The party guilty of negligence is clearly liable, and that is enough for our present purpose.

2. Is the defendant exempt from liability by reason of his absence when the accident happened ? We see no reason why the rule that the master is liable for the negligence of

his servant while acting within the scope of his employment, does not apply. The workmen, whose negligence was the immediate cause of the accident, were the servants of the defendant, and were doing his work at the time. That being so, his absence at that time, in contemplation of law, was of no importance.

But there is another ground, less technical, on which we think he is clearly liable. We quote from the record. "I find that some days prior to this accident, and while the derrick was located at a spot a little further east on this causeway, the defendant had caused a prop or crotch to be used by his servants to take and hold up the slack of this north guy-rope when the boom was swinging, with its weight of stone, from the old wall to the new one; but while the derrick was located at the spot where it was when this accident occurred, he had neglected to use or cause to be used this prop or crotch, although it was necessary to the safety of travelers on said public way, and ordinary prudence and care required that it should be so used. The defendant did not conduct this work as a prudent and ordinarily careful person would have done under the circumstances, and I find that the same is true of his workmen and agents actually on this work at the time of this injury. I find that to conduct this work properly there was no necessity to allow the north guy-rope to drop down across the highway so as to interfere with vehicles thereon. I find that the work itself could have been done in a lawful manner and without danger to travelers on the highway, and that the existing danger arose entirely from the careless and negligent manner in which the operations of this derrick were conducted by the defendant and his servants."

This conclusively shows that the defendant was personally negligent, and fixes his liability beyond all question.

There is no error in the judgment.

In this opinion the other judges concurred.