RALPH F. CHUTE, *a Minor, etc.*, v. CHARLES P. MOESER
  *et al., as Partners, etc.*

No. 15,481.     (95 Pac. 398.)

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Material Falling on a Pedestrian—Independent Contractor — Unforeseen Accident.*   In an action brought by one who while passing in front of a building was injured by the falling of a cornice in the process of construction, against the owners of the property, to recover for such injury, based upon two grounds of negligence, namely: (1) that an improper method of construction was used, not being one inherent in the plan, and (2) that sufficient precaution was not taken to protect passers-by against possible injury during the progress of the work, *held*: (1) That the defendants were relieved of liability upon the first ground of negligence by findings that the work was being done by a contractor, the owners having nothing to do with it except to see that it was completed in accordance with the plans, notwithstanding it also appeared that the cornice was a part of a number of improvements being made, including the erection of a new story, only the brickwork and stonework being covered by this contract, and that the owners furnished all the material and made payments upon estimates from time to time at an agreed price per cubic foot; (2) that irrespective of any question regarding the relation of independent contractor the defendants were relieved of liability upon the second ground of negligence by findings that the cornice was of the usual kind; that its fall was occasioned by a workman accidentally stumbling against it while it was green, and that otherwise it would not have fallen; that a scaffold had been built below the cornice to intercept the fall of material, and thus protect persons using the sidewalk, which was sufficient to catch anything that might naturally be expected to fall and made the walk reasonably safe for passers-by; that this was the usual mode of affording such protection; and that the falling of the cornice was not naturally to have been anticipated as the result of making the improvements.

Error from Shawnee district court; ALSTON W. DANA, judge.   Opinion filed April 11, 1908.   Affirmed.

*W. S. McClintock, Edwin D. McKeever,* and *George E. Overmyer,* for plaintiff in error.

*Z. T. Hazen,* and *R. H. Gaw,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: Ralph L. Chute, while upon the sidewalk in front of a building owned by Charles P. and William Moeser, to which a new story was being added, was injured by the falling of a portion of a brick cornice then in the process of construction. He brought an action against the owners to recover compensation therefor, but was denied relief, and now prosecutes error. Two forms of negligence were alleged and relied upon by the plaintiff: (1) The employment of an improper method in the construction of the cornice, in that too few headers were used to tie the brick veneer to the stonework back of it; and (2) the failure to erect barriers to warn pedestrians against the use of the walk during the progress of the work.

Besides returning a general verdict against the plaintiff the jury found specially, among other matters, that the defendants, having procured from an architect plans and specifications for the desired improvements, let the contract for doing all the brickwork and stonework to one W. H. Keesee, at an agreed price per cubic foot, they furnishing all the material but having nothing to do with the work except to see that it was completed in accordance with such plans and specifications, having no control over the workmen employed, and paying the contractor upon estimates made from time to time. These findings establish that Keesee · was an independent contractor, and thereby relieved the owners from any liability, so far at least as related to any negligence in the manner of performing the work. The exemption of the owners was no less extensive because they let a separate contract for the brickwork and stonework, or because they furnished the material, or because they paid upon estimates as the work pro-

gressed according to an agreed price per cubic foot. None of these considerations affects the reason of the rule which ordinarily exempts an employer from responsibility for the negligence of an independent contractor. The injury had no connection with any part of the improvements except the construction of the cornice, and was not occasioned by any defect in the plans or material. The method of performing the work was as much out of the control of the defendants as though they had let to one person for a lump sum a contract for making all the contemplated changes in the building.

The plaintiff contends that some of the findings upon this branch of the case are without support in the evidence, but an examination of the record convinces the court that the contention is not well founded. He also maintains that some of them are inconsistent with each other. This claim is based upon the fact that in answer to one interrogatory the jury said in substance that the contract between the Moesers and Keesee did not limit the control of the owners over the portion of the building being improved, and, in answer to another, said that the owners surrendered their right to the control of the building "so far as improvements were being made." Whatever conflict these answers exhibit is merely verbal. In view of the other findings it is sufficiently clear that the jury meant that the owner retained control over the building itself, but not over the actual work of construction.

The plaintiff further contends that, even conceding Keesee to have been an independent contractor, that relation for various reasons did not relieve the Moesers from the duty of warning the public against the danger of using the sidewalk during the building of the cornice. It is not necessary to pass upon this question, for the jury further found in effect that there was no negligence on the part of any one in this respect. They found in express terms that the cornice was of the usual

kind; that its fall was occasioned by a workman accidentally stumbling against it before it had had time to dry; that otherwise it would not have fallen; that a scaffold had been built below the cornice to interrupt the fall of any brick or other material, and thus protect persons using the sidewalk, which was sufficient to catch anything that might naturally be expected to fall during the progress of the work, and made the walk reasonably safe for passers-by; that this was the usual way of affording such protection; and that the falling of the cornice was not a thing naturally to have been anticipated as the result of making the improvements. It cannot be said as a matter of law that it was the duty of the defendants to have anticipated the accident that happened or to have taken any specific precautions to guard against its consequences. These were matters for the determination of the jury. Their decision that proper measures had been taken to protect passers-by against any occurrences that could reasonably have been anticipated was conclusive against the liability of the defendants in this aspect of the matter. (*Cleghorn v. Thompson,* 62 Kan. 727, 64 Pac. 605, 54 L. R. A. 402.)

Portions of the instructions are objected to upon several grounds, but as they could not have influenced the action of the jury in making the findings referred to, and as these findings compelled the judgment that was rendered, it is not necessary to discuss the assignments of error in this regard.

The judgment is affirmed.