## MARION SHOE COMPANY *v.* EPPLEY.

[No. 22,507. Filed February 20, 1914.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Independent Contractor.—Evidence.*—Under evidence showing an agreement by defendant with a contracting firm for the construction of a building, whereby such firm was to erect the brick walls and foundation according to certain plans and specifications, and defendant was

to. furnish all building material, while such firm was to supply all scaffolding, etc., and employ its own men, and for its services in the supervision, construction and general erection of the brick and cement work was to receive a specified sum per week, and showing that said firm hired all the laborers, including plaintiff, and gave the orders to the men as to what they should do and how it should be done, that a member of the firm kept the time of the men and made out the weekly pay roll which he presented to defendant, from whom he received the money to meet it, that defendant's president was about the building practically every day and on one occasion told a workman that certain window frames should be changed, but that the change was not made until ordered by the contractors, and that acting under the direction of the contractors he also laid off a workman, the contracting firm was an independent contractor, and defendant was not liable for plaintiff's injury caused by the falling of a defective scaffold used in connection with the work. p. 221.

2. NEGLIGENCE.—*Independent Contractors.* — *Liability.*—Where one person lets a contract to another to do a particular work, reserving to himself no control over the manner in which the work shall be performed, except that it shall conform to a particular standard when completed, he is not liable for any injury which may occur to others by reason of any negligence of the person to whom the contract is let; and the rule is not altered by the fact that such person retains a supervision of the work simply for the purpose of securing certain results, or in order to stop work that is not properly done; neither is the rule affected by reservation of the right to make alterations, omissions, or deviations from the original contract, nor by the manner provided for paying the contractor, or by the fact that the person letting the contract furnished some of the material, in the absence of a showing that the injury resulted from a defect in such material. pp. 222, 224.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Cyrus H. Eppley against the Marion Shoe Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*Condo & Browne,* for appellant.

*Murphy & Todd, William M. Amsden* and *Bowers & Feightner,* for appellee.

SPENCER, J.—Action by appellee to recover damages for personal injuries alleged to have been sustained while he was in the employ of appellant as a bricklayer, and by reason of appellant's negligence. There was a trial by jury, a verdict for appellee in the sum of $5,000 and a judgment thereon, from which this appeal is prosecuted.

The evidence shows that, sometime prior to March 23, 1910, appellant, through its president, Mr. Butterworth, entered into a verbal agreement with the firm of L.

1. L. Johnson & Son relative to the construction of a certain factory building on its property; that L. L. Johnson & Son were general contractors engaged in the construction of brick buildings; that under the terms of said agreement L. L. Johnson & Son were to erect all brick walls and cement or concrete foundations in said building according to plans and specifications drawn by appellant's architect; that appellant was to furnish all the brick and other building material while L. L. Johnson & Son were to supply all scaffolding, shovels, wheelbarrows, hods, etc., used by the workmen in the construction of the building; that L. L. Johnson & Son were to employ their own men; that for their services in the supervision, construction and general erection of the brick and cement work, L. L. Johnson & Son were to receive a stated sum per week with additional compensation for the use of their machine for mixing concrete, whenever it should be operated. It further appears that, during the progress of the work, L. L. Johnson & Son did hire all the bricklayers, including appellee, and all the laborers employed on the building, and gave the orders to the men as to what they should do and how it should be done; that Bernard Johnson, the junior member of the firm, kept the time of the men and made out a weekly pay roll which he presented to Mr. Butterworth and received from him the money needed to meet the same. The latter was about the building practically every day during its construction and conferred with L. L. Johnson & Son from time to time re-

garding the plans and specifications but, in only two in-
stances, does the evidence suggest that he exercised any
control over appellee or his fellow workmen.   Appellee's
witness, Edwards, testified on direct examination that on
one occasion, Mr. Butterworth told him that certain window-
frames were set wrong, that he said "they should be
changed," and they were changed.   On cross-examination,
however, the witness admitted that Mr. Butterworth did
not tell him to make the change and that it was not made
until Mr. Johnson so directed.   Another witness, who had
been employed on the work as a hod carrier, testified that
he was laid off by Mr. Butterworth.   This occurred at a
time when the work was nearly completed and Mr. Butter-
worth testified that he was acting under the direction of
the Johnsons who had then taken on another contract and
were away from appellant's buildings much of the time.
There is no other suggestion in the record that the work-
men were under the control and direction of appellant.   Ap-
pellee was injured by reason of the fall of a defective scaf-
fold on which he was at work.   This scaffold was the prop-
erty of L. L. Johnson & Son, had been used by them on
other buildings, and was placed in position on this building
by their employes.   With these as the facts, appellant con-
tends that L. L. Johnson & Son were independent contract-
ors for whose negligence it is not responsible.   Appellee
takes the position that they were building superintendents
for appellant.

It is well settled that "where one person lets a contract
to another to do a particular work, reserving to himself no
control over the manner in which the work shall be
performed, except that it shall conform to a particular
standard when completed, he is not liable for any in-
jury which may occur to others by reason of any negligence
of the person to whom the contract is let."   *Vincennes
Water Supply Co.* v. *White* (1890), 124 Ind. 376, 379, 24 N.
E. 747, and cases cited.   To the same effect is the case of

*New Albany, etc., Mill* v. *Cooper* (1891), 131 Ind. 363, 30 N. E. 294. This rule is not altered by the fact that the proprietor retains a supervision of the work simply for the purpose of securing certain results or that he may stop work which is not properly done. *Foster* v. *City of Chicago* (1902), 197 Ill. 264, 267; *Bibb's Admr.* v. *Norfolk, etc., R. Co.* (1891), 87 Va. 711, 750, 14 S. E. 163; 1 Thompson, Negligence §660. It is immaterial that the right is reserved to make alterations, omissions or deviations from the original contract. *Greene* v. *Soule* (1904), 145 Cal. 96, 78 Pac. 337; *Harding* v. *City of Boston* (1895), 163 Mass. 14, 39 N. E. 411. Nor does it matter how the contractor is to be compensated, whether by a lump sum or a commission on the cost, or a *per diem*. *Geer* v. *Darrow* (1891), 61 Conn. 220, 225, 23 Atl. 1087; *Grace, etc., Co.* v. *Probst* (1904), 208 Ill. 147, 70 N. E. 12; *City of Groesback* v. *Pinson* (1899), 21 Tex. Civ. App. 44, 50 S. W. 620; *Chute* v. *Moeser* (1908), 77 Kan. 706, 95 Pac. 398; *Morgan* v. *Smith* (1893), 159 Mass. 570, 573, 35 N. E. 101; *Emmerson* v. *Fay* (1896), 94 Va. 60, 26 S. E. 386. In the case last cited, it appears that one Collona, a contractor, agreed with the defendant, Emmerson, to do certain work on the latter's dry kiln. Emmerson was to furnish all the material while Collona was to employ the labor, superintend the same and construct the building in accordance with the plans furnished. In return therefor he was to receive a *per diem* for himself and the men employed by him. Plaintiff was injured through the negligence of one of the workmen and brought suit against the proprietor, Emmerson. The latter assumed no control over the men employed on the work, as they were employed and discharged by Collona, who alone controlled and directed them in their work. On appeal, the judgment against Emmerson was reversed and in the opinion, at page 63, this language is used: "As a general rule, where a person is employed to perform a certain kind of work which requires the exercise of skill and judgment as a

mechanic, the execution of which is, because of his superior skill, left to his discretion, without restriction upon the means to be employed in doing the work, and he employs his own labor, which is subject alone to his control and direction, the work being executed either according to his own ideas or in accordance with plans furnished him by the person for whom the work is done, such a person is not a servant under the control of a master, but is an independent contractor, and the fact that his compensation is to be measured by a *per diem* to himself and those employed by him does not affect the independent character of his employment, nor does the circumstance that his employer is to furnish the materials to be used in doing the work alter his status as an independent contractor, and create the relation of master and servant.'' As is suggested by the last statement, in the above quotation, the fact that appellant furnished the brick and other building material is not controlling here in the absence of a showing that the accident resulted from a defect in such material. *Emmerson* v. *Fay, supra; Chute* v. *Moeser, supra.*

The real test is, Was appellee, at the time he sustained his injury, under the power and control of appellant and subject to its orders and directions in the doing of 1. the work at hand? The evidence on this subject without dispute shows that L. L. Johnson & Son were independent contractors, and that they alone had control over appellee and the methods to be used in constructing appellant's factory.

Judgment reversed.

NOTE.—Reported in 104 N. E. 65. See, also, under (1) 26 Cyc. 1546; (2) 26 Cyc. 1547, 1549. As to when the relation of master and servant may be said to exist, see 22 Am. St. 459. On the general question as to who are independent contractors, see 65 L. R. A. 445; 17 L. R. A. (N. S.) 371; 19 Ann. Cas. 3; Ann. Cas. 1913 B 573. As to the general rule as to absence of master's liability for acts of independent contractor, see 65 L. R. A. 622.