## ZEITLOW _v._ SMOCK.

[No. 10,006.   Filed November 15, 1917.]

1.  MASTER AND SERVANT.—_Workmen's Compensation Act.—Ap-
peal.—Presenting Questions for Review.—Assignment of Error._
—Under §61 of the Workmen's Compensation Act, Acts 1915
p. 392, as amended by the act of 1917, Acts 1917 p. 154, the
assignment of error that the award of the full board is con-
trary to law is authorized and is sufficient to present for review
on appeal both the sufficiency of the facts found to sustain the
award, and the sufficiency of the evidence to sustain the finding
of facts.   pp. 646, 648.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Powers of Industrial Board.—Rules of Procedure.*—Section 55 of the Workmen's Compensation Act, Acts 1915 p. 392, providing that the procedure thereunder shall be as summary and simple as reasonably may be, and that, for the purpose of carrying out the provisions of the act, the Industrial Board may make rules not inconsistent with it, empowered the board to promulgate a rule that no answer is required and, if none is filed, the allegations contained in the application, petition or complaint will be deemed to be denied. p. 647.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.—Presumptions.*—On an appeal from an award by the Industrial Board, the Appellate Court will indulge every reasonable presumption in favor of sustaining the award, but in the absence of anything in the record showing such fact, the presumption cannot be indulged, in favor of the board's action, that a rule that if no answer is filed the allegations of the petition would be deemed to be denied was made and published by the board and in force at the time of the hearing of the case appealed. p. 647.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Reserving Grounds for Review.—Failure to File Answer.—Necessity of Objection.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, where both parties appeared before the board and the cause was heard and determined without any suggestion that no answer to the complaint or petition had been filed by the employer, the petitioner cannot take any advantage of the failure to answer, if an answer was required, even under the rules of civil procedure. p. 647.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Proceedings for Award.—Burden of Proof.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, by an injured servant against the employer, the burden is on the petitioner, as in ordinary civil actions, to show each of the facts necessary to entitle him to the benefits of the provisions of the act. p. 647.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.—Presenting Questions for Review.—Sufficiency of Evidence.—Exception to Finding of Fact.*—The Workmen's Compensation Act, Acts 1915 p. 392, does not require or contemplate an exception to the finding of the Industrial Board to present the question of the sufficiency of the evidence to support the finding on appeal to the Appellate Court. p. 648.

7. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.—Relation of Master and Servant.—Finding of Board.—*

*Conclusiveness.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, where the evidence as to whether the applicant is an employe is conflicting, there being evidence showing or tending to show such relationship, it is the exclusive duty and province of the Industrial Board to weigh the evidence and draw any and all reasonable inferences therefrom, and its conclusion is final and not subject to review, but when the evidence affecting such question is undisputed and is reasonably susceptible of but a single inference, the question of what relation is shown to have existed is a law question. p. 649.

8. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.—Relationship of Master and Servant.—Question of Law.* —In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, if there is no evidence showing the relationship of master and servant, or from which such relationship may reasonably be inferred, the court on appeal must apply the law to the facts, and hold as a matter of law that the relationship is not shown, although the Industrial Board has made a contrary finding. p. 649.

9. MASTER AND SERVANT.—*Relationship.—Independent Contractor.*—In determining whether the relation between the employer and the injured party is that of master and servant, employer and employe, or that of contractor and contractee, the controlling test is the right of control over the means, methods and manner of performing the work, and if the employer retains such right, he thereby creates the relation of employer and employe, but if the person employed is permitted to choose for himself the method and manner of doing the work and is permitted to select the persons to do it, free from the control of his employer, except as to the product or result of the work, he is an independent contractor. p. 652.

10. MASTER AND SERVANT.—*Workmen's Compensation Act.—Relationship of Master and Servant.—Sufficiency of Evidence.*— In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, evidence that a contractor engaged a farmer to do hauling at odd times when not busy on his farm, the contractor stating at the time of employment that he would be away part of the time and that he wanted somebody to look after the hauling *and take it off his mind*, and while at work on the job the farmer saw the contractor on only one occasion, and the latter never gave any directions in reference to the work, except that he wanted .the goods delivered, and never exercised any control over the farmer, who was paid sixty-five cents an hour per team, does not show the relation of employer and employe, but that the farmer was an

independent contractor, since the contractor in employing him reserved no control over the manner of doing the work.  p. 653.

From the Industrial Board of Indiana.

Action for compensation under the Workmen's Compensation Act by J. O. Smock against H. F. Zeitlow. From an award, the defendant appeals.  *Reversed.*

*Charles E. Henderson,* for appellant.
*J. Fred Masters,* for appellee.

HOTTEL, C. J.—This is an appeal from an award of the Industrial Board of Indiana against appellant and in favor of appellee, by the terms of which the latter was allowed fifteen weeks' compensation at the rate of $9.90 a week, to be paid in a lump sum, $15 for medical expenses, and costs.  The award was made by the full board upon a review of the evidence produced at a prior hearing before one of its members.

Appellant has assigned as error that the award of the full board is contrary to law.  Appellee contends: (1) That such assigned error presents no question, and (2) that because of its failure to file any answer in the proceeding before the Industrial Board, appellant has waived any defense which it may have had, that by such failure it confessed the averments of the complaint and nothing remained for the board to do but to "classify the injury and assess the amount of recovery."

The answer to appellee's first contention is furnished by the act of the legislature of 1917, amending §61 of the original Workmen's Compensation Act (Acts 1917, ch. 63, §3) whereby the assignment of error, *supra,* is authorized and made effective for the purpose of presenting "both the sufficiency of the facts found to sustain the award, and the sufficiency of the evidence to sustain the finding of facts."

In answer to appellee's second contention, *supra,* appellant directs our attention to those provisions of §55

of the Workmen's Compensation Act, Acts 1915 p. 392, which provides that the procedure thereunder "shall be as summary and simple as reasonably may be," and that, for the purpose of carrying out the provisions of said act, the Industrial Board "may make rules not inconsistent with the act." In this connection appellant urges that said board has caused to be made and published throughout its jurisdiction a printed rule to the effect that no answer is required and, if none is filed, "the allegations contained in the application, petition or complaint will be deemed to be denied."

The rule relied on by appellant is not a part of the record in this case. It is true that the provisions, *supra,* of the act in question authorized its promulgation, and this court will indulge every reasonable presumption in favor of the sustaining of the award of said board; but, the fact that such a rule was made and published by said board and in force at the time of the hearing of this case cannot be indulged in favor of the action of said board, in the absence of anything in the record showing such fact. However, both appellant and appellee appeared before said board and the cause was heard and determined without any suggestion or objection that no answer had been filed by appellant. Under such a state of facts the appellee would be in no position to take any advantage of appellant's failure to answer even under the rules governing civil procedure. *Train* v. *Gridley* (1871), 36 Ind. 241; *Taylor* v. *Short* (1872), 40 Ind. 506; *Stingley* v. *Second Nat. Bank, etc.* (1873), 42 Ind. 580; *Chambers* v. *Butcher* (1882), 82 Ind. 508.

In this connection, appellee also claims that appellant waived any defense he might have had because of his failure to introduce any evidence. In answer to this contention, it is sufficient to say that cases

brought under the act in question do not differ from the ordinary civil action in the respect that the burden is on the petitioner to show each of the facts necessary to entitle him to the benefits of the provisions of the act. *Haskell, etc., Car Co.* v. *Brown* (1917), — Ind. App. ——, 117 N. E. 555, and cases there cited. It appears in the instant case that the appellant was relying on the inability of the appellee to show that the relation of employe and employer existed between the two at the time appellee received the injury for which he was seeking compensation. It was not necessary, therefore, that appellant introduce any evidence, because if the evidence offered by appellee failed to show facts, from which such relationship might reasonably be inferred, he could not recover, and the question which appellant seeks to have decided by his appeal is whether the evidence is in fact sufficient to authorize said inference so drawn by the board. Before going to

6. this question we should add that appellee further insists that such question is not presented because of appellant's failure to except to the finding of said board. The act in question does not require or contemplate such an exception. *Union Sanitary Mfg. Co.* v. *Davis* (1916), 63 Ind. App. 548, 114 N. E. 872.

The record shows that appellant excepted to the award made by the board on review, and he challenges such award in this court as being contrary to

1. law. This, under the provisions of said act as amended in 1917, as indicated *supra,* requires us to determine both "the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts."

The Industrial Board has found as a fact that appellee at the time of his injury was in the service of appellant "as an employe"; that at such time appellee was employed by appellant in the usual course of his busi-

ness.   This finding is challenged by appellant on the ground that there is no evidence to sustain it.

Appellee insists:   First, that said question is one of fact and that the finding of the board is conclusive thereon and not subject to review, and that, in any event, it was justified by the evidence.   The first contention, subject to qualification, is correct; that is to say, in a case where the evidence affecting such question is conflicting, there being any evidence showing or tending to show such relationship, it is the exclusive duty and province of such board to weigh the evidence and draw any and all reasonable inferences therefrom, and its conclusion in such a case is final and not subject to review, but where the evidence affecting such question is undisputed and "is reasonably susceptible of but a single inference, the question of what relation is thereby shown to exist is a law question."   *Columbia School Supply Co.* v. *Lewis* (1916), 63 Ind. App. 386, 115 N. E. 103, and cases there cited; *Dodge Mfg. Co.* v. *Kronewitter* (1914), 57 Ind. App. 190, 104 N. E. 99; *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 45 N. E. 470; *Lagler* v. *Roch* (1914), 57 Ind. App. 79, 104 N. E. 111.

It follows that if there be no evidence showing said relationship, or from which such relationship may reasonably be inferred, this court must apply the law to such state of facts and say as a matter of law that such relationship is not shown by the evidence, and in this sense such ultimate question is one of law.

As affecting this question, the evidence is, in substance, as follows:   Appellee testified that he was injured on November 22, 1916, by the falling of a radiator, which he was unloading from a wagon, upon his thumb; that he was then working for appellant.   (We quote.)   "Q.   Tell the court whether or not you were

regularly employed by him (meaning appellant) at that time? A. Yes, sir, I was. Q. And what was the nature of your duties?. A. I was to haul any supplies that he might need for that building." He further testified that appellant was a steam contractor and had the plumbing contract—the steam contract—for a township consolidated school building then being erected in Marion county, Indiana. He required considerable hauling done in connection with his work. Appellee was a farmer, but his farm was not large enough to keep him employed all the time, and he did hauling at odd times, and when it would not interfere with his farming, and when he had nothing else particularly to do. About the times hereafter mentioned, he did hauling for the principal and other contractors who were engaged in the erection of said schoolhouse. Appellee had a talk with appellant who said "he was looking for some one to haul this stuff from the sidetrack, which is about * * * three miles * * * over, that he would be away part of the time and possibly part of the time would be there and he wanted somebody to look after it, take it off his mind. He said that I (appellee) had been recommended to him and that he wanted me to go ahead if I could and do the work. I told him I would do it to the best of my ability." There was no price then agreed upon for the work. Appellee owned his own team and wagon. He had another team and hired a driver for it to assist him in hauling for appellant. Appellee paid this driver. The latter was subject to appellee's control as to what he did. Appellee charged sixty-five cents per hour per team for this work, based on the time actually consumed. This time appellee entered in a small time book, in which he entered also the accounts of other people, including some of the contractors of the building for whom he did hauling. Appellee did hauling for appellant on the

following days: October 13, 19, 28; November 3, 22; December 9, 11, 12, 22, 24, 1916; January 19, 31, 1917. For this work appellee rendered statements on October 31, November 6 and 27, December 12 and 25, 1916, and on February 2, 1917. Appellant paid these amounts by check. Appellee did not haul any piece separately for appellant under a separate agreement, nor did he ever charge for the piece hauled. When delivering appellant's goods, appellee at no time delivered other goods on the same day for the other contractors. On November 22, appellee was unloading one of appellant's radiators from a wagon at said building. He was prying a radiator to get a crowbar under it when it slipped off the bar and crushed his thumb, severing a portion of the first phalange. Except once, appellant never saw appellee on the job prior to the injury. He did not direct how appellee should load the materials at the railroad station, or as to what road appellee should take, or as to the size of the load; nor did he exercise any control whatever over appellee. "He didn't make any instructions to what I should do or should not do except he wanted the goods delivered." Some days the work for appellant took only an hour. Appellant had nothing to do about what appellee did the rest of the day. In delivering these goods appellee used whatever road he pleased and did as he pleased about the method of loading and unloading. Neither appellant nor any of his representatives directed appellee how to load or unload these goods. Appellant testified that there was nothing said between him and appellee as to who should exercise control over the latter as to the manner of delivering these goods, that he never attempted to exercise any control over appellee, nor did any one, to appellant's knowledge, ever give appellee directions as to how he should make deliveries of the goods.

Is there any fact or facts shown by this evidence which will authorize the inference that at the time of appellee's injury he was an employe of appellant? The courts of appeal of this and other jurisdictions have been called upon frequently to determine the question here involved, and various tests, with more or less verbal variation, have been laid down by the courts as aids or guides in its determination, as will be evidenced from the following cases: *Good* v. *Johnson* (1906), 38 Colo. 440, 88 Pac. 439, 8 L. R. A. (N. S.) 896; *Powell* v. *Construction Co.* (1890), 88 Tenn. 692, 13 S. W. 691, 17 Am. St. 925; *Falender* v. *Blackwell* (1906), 39 Ind. App. 121, 79 N. E. 393; *Zimmerman* v. *Baur* (1894), 11 Ind. App. 607, 39 N. E. 299; *Indiana Iron Co.* v. *Cray* (1897), 19 Ind. App. 565; *Saunders* v. *City of Toronto* (1899), 26 Ont. App. 265; *Foster* v. *City of Chicago* (1902), 197 Ill. 264, 64 N. E. 322; *Riedel* v. *Moran, etc., Co.* (1894), 103 Mich. 262, 61 N. W. 509; *Wadsworth, etc., Co.* v. *Foster* (1893), 50 Ill. App. 513; *Schular* v. *Hudson River R. Co.* (1862), 38 Barb. (N. Y.) 653; *Bellatty* v. *Barrett Mfg. Co.* (D. C.) (1911), 192 Fed. 229; *Jahn's Admr.* v. *McKnight & Co.* (1904), 117 Ky. 655, 78 S. W. 862; *Shepard* v. *Jacobs* (1910), 204 Mass. 110, 90 N. E. 392, 26 L. R. A. (N. S.) 442, 134 Am. St. 648; *Decatur R. Co.* v. *Industrial Board* (1917), 276 Ill. 473, 114 N. E. 915; *Green* v. *Soule* (1904), 145 Cal. 96, 78 Pac. 337; *Western Indemnity Co.* v. *Pillsbury* (1916), 172 Cal. 807, 159 Pac. 721; *Marion Shoe Co.* v. *Eppley* (1913), 181 Ind. 219, 104 N. E. 65, Ann. Cas. 1916D 220; *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A 474.

While some other tests indicated in these decisions may have had more or less influence in particular cases, in determining whether the relation between the employer and the injured party was that of mas-

ter and servant, employer and employe, or that of contractor and contractee, the test which seems to be recognized as controlling in all such cases, is the right of control over the means, methods and manner of performing the work; that is to say, if the employer retains such right he thereby creates the relation of employer and employe. If, on the other hand, the person employed is permitted to choose for himself the method and manner of doing the work and is permitted to select the persons to do it, free from the control of his employer in all matters connected with the doing of said work, except as to the product or result of the work, such person is an independent contractor. *Western Indemnity Co.* v. *Pillsbury, supra; Powell* v. *Construction Co., supra; Riedel* v. *Moran, etc., Co., supra; Wadsworth, etc., Co.* v. *Foster, supra; Jahn's Admr.* v. *McKnight & Co., supra; Marion Shoe Co.* v. *Eppley, supra; Prest-O-Lite Co.* v. *Skeel, supra.*

In the case last cited, on page 597, the Supreme Court expressly recognizes the controlling influence of said test in the following language: "An independent contractor is one exercising an independent employment under a contract to do certain work by his own methods, without subjection to the control of his employer except as to the product or result of the work. When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor and not a servant. The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer, does not render the person contracted with to do the work a servant."

We find nothing in the evidence in this case which shows that appellant, when he hired appellee, reserved any right to control either the manner or method of doing the work that appellee was doing

when injured, nor did appellant reserve to himself any right to select the men who did the work, or to furnish, or in any way control the character of the equipment with which it was to be done. On the contrary, it affirmatively appears from appellee's testimony that he was engaged in hauling at odd times when not busy on his farm, that appellant told him that he had been recommended to appellant to do said work, and told him when he employed him to do the work that he would be away part of the time, that *"he wanted somebody to look after it, take it off his mind."* In response, appellee said that he would do it to the best of his ability. Under this arrangement he undertook the work and did it with his own teams, with the assistance of a driver selected by him and under his control. After he began the work he never saw the appellant on the job but once, and appellant never gave appellee any direction, never *exercised any control* whatever over appellee and *"gave him no instruction except he wanted the goods delivered."*

Appellee insists in effect that the mere fact that appellant did not exercise the right to direct or control the method, manner, means, or time of doing said work is not of controlling importance; that it is the right to exercise such control which creates the relation of employer and employe. This is probably true, but the evidence here fails to show the reservation of such right by appellant, and the only evidence which can be said to throw any light upon such question is that which shows an absence of the exercise of such control by appellant, and an exercise of the right of such control by appellee. To our minds the evidence is susceptible of but one inference, viz., that the relation which appellee sustained to appellant when injured was that of an independent contractor. It, in any event, fails to show the

relation of employer and employe, and hence the award of the Industrial Board must be, and is, reversed.

NOTE.—Reported in 117 N. E. 665. Workmen's compensation: whether independent contractors and employes of subcontractors are employes within meaning of acts, L. R. A. 1916A 118, 247, L. R. A. 1917D 148; procedure under act, applicability of rules governing actions generally, Ann. Cas. 1915A 741; review of facts on appeal under act, Ann. Cas. 1916B 475, 1918B 647; occupations or employments within purview of acts, Ann. Cas 1917D 4. See under (9) 26 Cyc 970.