**Richard WOLFE, Plaintiff-Appellant,**

v.

**BETHLEHEM STEEL CORPORATION,
Defendant-Appellee.**

**No. 71–1485.**

United States Court of Appeals,
Seventh Circuit.

Argued April 17, 1972.

Decided June 5, 1972.

Jack L. Sachs, Joseph B. Lederleitner, Chicago, Ill., for plaintiff-appellant.

Harlan L. Hackbert, George W. Gessler, Chicago, Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, MURRAH,\* Senior Circuit Judge, and JUERGENS,\*\* District Judge.

JUERGENS, District Judge.

Plaintiff-appellant appeals from a judgment n. o. v. entered against him by the district court. The case was submitted to a jury which returned a verdict for plaintiff in the amount of $30,000, after which the district judge entered a judgment n. o. v., holding that under the evidence defendant was not liable to plaintiff as a matter of law.

The incident occurred on March 9, 1967, at defendant Bethlehem Steel's Burns Harbor Project at Chesterton, Indiana.

Plaintiff was employed by Great Lakes Dredge & Dock Company (Great Lakes). Prior to the time of the incident Great Lakes had contracted to construct a dock wall and harbor facilities for defendant at its Burns Harbor Indiana steel plant, which was then under construction. Although defendant is in the construction business and, as a part of this business, has designed numerous buildings and other facilities, its specialty was not that of maritime construction. Accordingly, it employed the firm of Sverdrup & Parcel and Associates, Inc., to prepare the plans and specifications for the project, which required that it conduct on-site inspection to see that the work was completed according to the drawings and specifications. For this purpose an employee of Sverdrup & Parcel was assigned to supervise the ultimate result and assure that it would comply with the plans and specifications. No one from defendant's construction department was assigned to supervise the ultimate result as to whether or not it conformed to the plans and specifications.

Under the contract between Great Lakes and the defendant, Great Lakes was required to perform all the work, including the furnishing of all materials, tools, equipment, labor and superintendence of the project.

In the course of performing the contract, Great Lakes drove steel piles into the ground at the dock site by means of a diesel-driven hammer. In driving the pile, the top of the steel sheeting would crimp. It was plaintiff's job to even off the top by cutting the steel with a torch. In doing this, plaintiff was required to climb a ladder to the hammer, then stand on top of the hammer, which is approximately two feet square. The

---

\* Senior Circuit Judge Alfred P. Murrah of the Tenth Circuit is sitting by designation.

\*\* Chief District Judge William G. Juergens of the Eastern District of Illinois is sitting by designation.

hammer was then lifted by a crane and the plaintiff, torch operator, was elevated to where he was to perform the work. At the time of the incident plaintiff was cutting off the top of the pile when his clothing caught fire. The hammer was then lowered to ladder height. Fellow employees assisted him in descending the ladder, and during the course of his descent, plaintiff fell, causing injury to his back—in addition to the back injury, plaintiff suffered severe burns.

Count I of the complaint was based on common law negligence. Count II alleges the same conduct as in Count I and further alleges negligence based on violation of the Indiana Dangerous Occupations Act.

Under both counts plaintiff had the burden of proving that defendant was "in charge of or responsible for the work being performed by plaintiff's employer, Great Lakes Dredge & Dock Company, at the time and place of the occurrence." Thus, in order for plaintiff to prevail, it was essential that he prove the defendant was "in charge of or responsible for" the work being performed at the time and place of the occurrence. The real test is whether or not plaintiff was at the time he sustained his injury under the power and control of the defendant and subject to its orders and directions in doing the work at hand. Marion Shoe Company v. Eppley, 181 Ind. 219, 104 N.E. 65.

Plaintiff in his brief has admitted that Great Lakes was an independent contractor. It is perhaps under these circumstances unnecessary to consider the definition of "independent contractor," as that term has been defined by the Indiana courts; however, this term was defined by the Indiana courts in Prest-O-Lite Co. v. Skeel, 182 Ind. 593, 106 N.E. 365, as follows:

"An independent contractor is one exercising an independent employment under a contract to do certain work by his own methods, without subjection to the control of his employer, except

as to the product or result of the work. When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor, and not a servant. The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer does not render the person contracted with to do the work a servant. * * *."

The definition of independent contractor as set forth in Prest-O-Lite Co. v. Skeel, *supra,* has been adhered to by the Indiana courts in subsequent causes. Clark v. Hughey, 233 Ind. 134, 117 N.E. 2d 360 (1954); Nash v. Meguschar, 228 Ind. 216, 91 N.E.2d 361 (1950); Wyler v. Lilly Varnish Co., Ind.App., 252 N.E. 2d 824, affirmed on rehearing, Ind.App. 255 N.E.2d 123.

■ As previously stated, under Indiana common law plaintiff must show that the defendant was in charge of or responsible for the work being performed at the time and place of the occurrence. Marion Shoe Company v. Eppley, *supra.*

The Indiana Dangerous Occupations Act does not impose on the owner and contractor such duties of testing and inspecting as to deprive each of them of the independent contractor defense. The Act evinces no legislative intent to impose a duty of testing and inspecting appliances except as to the particular owner, contractor, or subcontractor, who has "charge of" or is "responsible for" the work in question.

■ The purpose of the statute was to fix a higher standard of care on the person having the particular work in charge, whether such person be owner, contractor, subcontractor, or other person, but the language of the statute, considered as a whole, precludes the theory of any intent to eliminate the doctrine of independent contractor.

Leet v. Block, 182 Ind. 271, 106 N.E. 373. The statute in question provides that:

" \* \* \* it shall be the duty of all owners, managers, operators, contractors, subcontractors, and all other persons *having charge of, or responsible for,* any work, \* \* \* or business of whatsoever nature involving risk or danger to employees, or to the public, to use every device, care and precaution which it is practicable and possible to use for the protection and safety of life, limb and health \* \* \*." Indiana Dangerous Occupations Act, 5 Burns, Indiana Stats. (Part 3) Sec. 20–304. (Emphasis supplied.)

■ Plaintiff, while conceding that Great Lakes, plaintiff's employer, was an independent contractor, argues that defendant may nevertheless be liable because of the manner in which Great Lakes did its work. The defendant provided a superintendent to coordinate the work of various contractors, to inspect the work, to see that it conformed to plans and specifications (through its agent), to see that the schedules were maintained; it held monthly safety meetings attended by representatives of contractors and sub-contractors; however, the evidence totally failed to show that the defendant was in charge of or responsible for the work being performed. Under all the evidence, Great Lakes (not the defendant) was in charge of and responsible for the performance of the work. While defendant did provide a superintendent and various safety inspectors, it did not have authority to direct Great Lakes' employees in the manner in which the work was being performed. It did consult with and direct Great Lakes' superintendent with regard to various aspects of the work, namely, in the manner above set out.

The district court correctly found that there was no evidence by which it could be established that defendant was in charge of or responsible for the work being performed at the time and place where the injury to plaintiff occurred.

Defendant-appellee also raises other points, namely, that plaintiff's exclusive remedy is provided by the Workmen's Compensation Act and that plaintiff was guilty of contributory negligence as a matter of law. It is unnecessary to consider either of these points, since the judgment n. o. v. entered by the district court is properly sustained on other grounds.

The order appealed from is affirmed.

Affirmed.