John W. KERSEY, Plaintiff,

v.

JONES & LAUGHLIN STEEL, INC., a subsidiary of the LTV Corporation, Defendant.

No. 85 C 287.

United States District Court, N.D. Illinois, E.D.

Jan. 14, 1986.

Raymond Allen, Jack A. Hertz, Mitchell & Allen, Chicago, Ill., for plaintiff.

James L. Pittman, Mark E. Christensen, James L. Pittman & Associates, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Defendant Jones & Laughlin Steel, Inc. (J & L) moves to dismiss one of plaintiff's

two counts on the ground that a provision of the Indiana Occupational, Health and Safety Act requiring an employer to maintain a workplace free from hazards for employees could never apply to a business invitee. Because Indiana precedent suggests that at least in some circumstances it could, and plaintiff's complaint could fall within those circumstances, the motion is denied.

### Background

On a motion to dismiss the court must glean the facts from the pleadings as best it can. Plaintiff John Kersey is apparently a truck driver, or perhaps a loader, employed by KA Steel in Gary, Indiana. Pursuant to that employment he went to the Jones & Laughlin mill in East Chicago, Indiana. His assignment, it would seem, was to remove a quantity of an unspecified acid and transport it back to KA Steel. In order to accomplish that he had to load the acid from J & L's acid tank into his truck. Apparently as part of the process he needed to go up a set of metal stairs and on to a catwalk or platform. Kersey fell from that platform and was injured.

Kersey originally brought this suit to recover for his injuries against J & L in Illinois state court. It then consisted of one count alleging negligence in maintenance and/or design of the catwalk. J & L removed the action here on the grounds of diversity. Plaintiff then amended his complaint to add the count which is the subject of this motion. The count is grounded on Indiana Code ch. 22–8–1.1–2 which, according to the complaint, required defendant "to keep its premises in a reasonably safe and healthful condition for persons lawfully thereon." The complaint proceeds to allege that J & L violated that statute by failing to provide a safe, non-slippery surface on the catwalk.

Ind.Code ch. 22–8–1.1–2 actually reads, in its entirety:

> Each employer shall establish and maintain conditions of work which are reasonably safe and healthful for employees, and free from recognized hazards that are causing or are likely to cause death or serious physical harm to employees.

Passed in 1971, this provision replaced similar provisions in what had been known as the Dangerous Occupations Act.

Ind.Code ch. 22–8–1.1–1 tells us:

> "Employer" means any individual or type of organization, including the state and all its political subdivisions, that has in its employ one (1) or more individuals.

> "Employee" means a person permitted to work by an employer in employment.

Some provisions of the Indiana Administrative Code, promulgated under authority granted elsewhere in ch. 22–8–1.1, which affect the statute in question, are:

> *Floors, aisles and passageways.* All floors used by employees shall be maintained in good repair. All aisles, gangways and passageways regularly used by employees shall be maintained in good repair and shall be kept free of obstructions to prevent employees from tripping and falling. 610 IAC 1–2–7.

> *Maintenance of floors.* The floors of all buildings in which employees work shall be maintained in a clean condition, and as far as possible, in a dry condition, consistent with the type of operations carried on. Where wet processes are regularly carried on, causing wet floor conditions, the floor shall be drained or false floors, platforms, or mats provided. 610 IAC 1–2–8.

> *Scope.* The[se] rules ... shall apply to all industrial and mercantile establishments:

> (a) a plant or factory is any workplace wherein labor is regularly employed in the production, servicing, altering, handling, transporting, erecting, disassembling or wrecking of commodities and materials....

610 IAC 1–2–2.

### Discussion

Defendant urges the dismissal of the count for failure to state a claim on which relief can be granted. Giving words their ordinary meaning, it argues, the statutory

provision applies only to employees. Kersey admits in the other count that at J & L he was a business invitee. Therefore, J & L argues, he was not an employee and the statute does not apply to him. Plaintiff, in response, maintains that the statute must include workers who are at a place of work for work-related activity. The Indiana legislature, he argues, indicated its concern for the health and safety of workers with this statute. It could not have intended to exclude some workers merely on the basis of their legal relationship with the defendant, when those workers are engaged in the same activity and are in the same places as defendant's employees might have been.

The best authorities on what the Indiana legislature intended are the Indiana courts. Unfortunately, the parties do not cite and this court cannot uncover any reported Indiana decision which construes this statutory provision. However, there are a few cases which involved its predecessor, the Dangerous Occupation Act, and the more recent of those indicate that ch. 22–8–1.1–2 would be considered a successor provision to that Act. *Walters v. Kellam & Foley*, 172 Ind.App. 207, 210 n. 2, 360 N.E.2d 199, 203 n. 2 (2d Dist.1977); *Jones v. Indianapolis Power & Light Co.*, 158 Ind.App. 676, 682 n. 1, 304 N.E.2d 337, 341 n. 1 (2d Dist.1973). This court may therefore assume that the law which was developed for the scope of the Dangerous Occupation Act at a minimum provides basic guidelines for the interpretation of the provision in question here.

The cases most analogous to the problem presented here deal with the question of when a contractee is liable for injuries to the employee of an independent contractor. Employees of independent contractors working at a site owned by the contractee are business invitees, as Kersey was. *See Wingett v. Teledyne Industries*, 479 N.E.2d 51, 54 (Ind.1985). Indeed, for purposes of a motion to dismiss, such cases may be squarely on point. In determining whether a count states a claim on which relief can be granted, one considers not only the facts alleged but any facts reason-

ably consistent with the allegations. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The acid removal may well have been pursuant to a contract, either oral or written, between J & L and KA Steel. The existence of such a contract is at least a fact consistent with these pleadings.

The cases indicate that the statutory provision, in general, imposes no additional duties beyond those imposed by the common law. At common law, for example, a principal is ordinarily not liable for the torts of his independent contractors, and so an employee of an independent contractor normally has recourse only against his employer. Indiana courts have several times held that the Dangerous Occupation Act did not abrogate this common law principle. *Power & Light*, 158 Ind.App. at 687–688, 304 N.E.2d at 345; *Hale v. Peabody Coal Co.*, 168 Ind.App. 336, 344, 343 N.E.2d 316, 322–323 (1st Dist.1976). The purpose of the statute was not to impose additional duties, but rather to set a higher standard of care. *See Wolfe v. Bethlehem Steel Corp.*, 460 F.2d 675, 677 (7th Cir.1972); *Jackson v. Miller-Davis Co.*, 44 Ill.App.3d 611, 617, 3 Ill.Dec. 161, 165, 358 N.E.2d 328, 332 (1st Dist.1976) (applying Indiana law). *Cf. Hixon v. Sherwin-Williams Co.*, 671 F.2d 1005, 1009 (7th Cir.1982) ("Indiana courts ... retain the independent-contractor rule in full force").

That determination, however, does not end the inquiry. If the statute imposes no additional duties, it also imposes no fewer than the common law did. If the factual situation presents one of the exceptions to the common law rule in which a principal would be found liable, then the statute applies to that situation and sets the standard of care. *Walters*, 172 Ind.App. at 225, 360 N.E.2d at 211. *See also Hale*, 168 Ind.App. at 344, 343 N.E.2d at 322; *Power & Light*, 158 Ind.App. at 688, 304 N.E.2d at 337. Under those circumstances Kersey's count would stand, since he would have a separate claim based on the statutory standard. *See Wolfe*, 460 F.2d at 677 (two-count complaint, one for common law negli-

gence, one for violation of the Dangerous Occupation Act).

Kersey's claim may well fall within one of the situations in which the statute would apply. Indiana case law imposes a duty when the principal is in control of the workplace or work methods, when under the terms of a contract the principal has assumed the duty, when the work is intrinsically dangerous, or when by statute or administrative regulation the duty remains with the principal and cannot be delegated, among others. *Hale,* 168 Ind.App. at 342, 343 N.E.2d at 321–322; *Jones v. City of Logansport,* 436 N.E.2d 1138, 1147, *reh'g denied,* 439 N.E.2d 666 (3d Dist.Ind.App. 1982). Any or all of those situations are reasonably consistent with the facts Kersey alleges.

If J & L was in control of the catwalk and/or required its use when removing acid, the statute applies. In *Walters* an independent contractor had been hired to install duct work. One of its employees was injured when he stepped on the bottom panel of a suspended heating unit and it gave way. He sued various defendants involved in the production and supply of the unit. The court stated:

> "These defendants could be charged with negligence in violating the safety statute ... if they could be found to have an obligation for the safe conduct of actual day-to-day construction by control of methods and procedures."

172 Ind.App. at 225, 360 N.E.2d at 211. *See also Hale,* 168 Ind.App. at 344, 343 N.E.2d at 322; *Power & Light,* 158 Ind. App. at 687, 304 N.E.2d at 345 (statute imposes duty on contractee in charge of the work or instrumentality in question).

Nothing in the facts alleged excludes the possibility that J & L controlled either the catwalk or the procedures to be followed in removing acid. Indiana imposes a duty generally on owners of property to keep their premises reasonably safe for invitees because the owner presumably has superior knowledge of the dangers there. *Wingett,* 479 N.E.2d at 54. Indiana courts, as a matter of policy, also are more likely to impose vicarious liability on a defendant who is in a position to prevent an accident. *Cummings v. Hoosier Marine Properties, Inc.,* 173 Ind.App. 372, 381, 363 N.E.2d 1266, 1272 (3d Dist.1977). The catwalk was on J & L property and J & L well may have been in a far better position than Kersey's employer to prevent an accident on it. J & L may even have directed its use for the process of acid removal. Under either of those circumstances J & L would owe a statutory duty to Kersey to have a safe catwalk.

If a contract existed between defendant and Kersey's employer, defendant also could have assumed a statutory duty to Kersey as a term of the contract. In *Logansport,* the court held that by the terms of its contract with the city, a prime contractor had assumed a non-delegable duty toward the employees of its subcontractors of insuring compliance with all relevant safety laws. An injured employee of the subcontractor therefore had a right of action in which the statute set the standard of care. 436 N.E.2d at 1148. *See also Harris v. Kettelhut Construction, Inc.,* 468 N.E.2d 1069, 1073 (2d Dist.Ind.App. 1984) (contract imposed duty to keep area safe for all on-site workers, regardless of who employed them). Such an assumption of duty can be an express term of a written contract, but it also can be implied from defendant's conduct and plaintiff's reasonable reliance on that conduct. *Plan-Tec, Inc. v. Wiggins,* 443 N.E.2d 1212, 1220 (1st Dist.Ind.App.1983) (prime contractor can assume duty of safe workplace toward employee of subcontractor through its actions). Here, J & L's responsibility for a safe catwalk could have been implicit in its contract with Kersey's employer, and Kersey could have reasonably relied on J & L's responsibility to keep its own catwalk safe. The statute would then apply as a term of the contract.

J & L could also have a statutory duty toward Kersey if the work were intrinsically dangerous. Indiana imposes liability on a principal where the acts to be performed under the contract will probably cause inju-

ry unless due precaution is taken to avoid harm. The test is whether the nature of the activity, either because of the surroundings or the methods, presents a risk recognizable in advance. *Johns v. New York Blower Co.*, 442 N.E.2d 382, 385 (3d Dist.Ind.App.1982); *Curl v. Bethlehem Steel Corp.*, 181 Ind.App. 132, 134, 390 N.E.2d 709, 711 (3d Dist.1979). Many acids are themselves intrinsically dangerous. Without knowing more about the acid, its storage, and the methods used to remove it, this court cannot exclude the possibility that the statute would apply through this exception.

Finally, a statute itself, or administrative regulations promulgated under it, can impose a duty on a principal which cannot be delegated. In *Logansport*, the plaintiff had been injured when the crane on which he was working at a construction site touched high voltage electrical lines. The court found that state safety regulations had imposed a duty on the prime contractor to ensure either that the power was turned off or that the crane was not operated near the lines. The fact that a subcontractor was doing the actual work did not relieve it of that responsibility. 436 N.E.2d at 1146–1147. *See also Cummings*, 173 Ind.App. at 389, 363 N.E.2d at 1276. Whether the statute and regulations in question here similarly directly imposed a duty on J & L, as owner of the catwalk, toward Kersey, is a question the court need not reach in view of the findings above, and would prefer to leave to the Indiana courts. We note, however, that J & L fits the definition of an employer under the Act and Kersey was "permitted to work" on its premises by J & L. The administrative regulations also can be construed to impose a duty on "industrial establishments" to avoid slip-and-fall accidents, whenever possible, by keeping their premises in a reasonably safe condition. Obviously the statute and regulations do not impose a duty on all principals toward the employees of all their independent contractors, no matter where they may be working, but one does not need to do violence to the language of the statutes and regulations to make them applicable to a person in Kersey's position. *See Maynard v. Flanagin Brothers, Inc.*, 484 N.E.2d 71, 75 (3d Dist.Ind.App.1985) (authority to regulate work site includes authority to decide who must comply with safety regulations; regulations on digging trenches apply without regard to status as employer, or prime, independent or subcontractor).

There are then several possibilities consistent with the facts Kersey alleges in which the statute would apply. By the standards used with a motion to dismiss, at least until those possibilities are excluded, he then has a negligence claim distinct from common law negligence for which the statute would supply the standard of care.

### Conclusion

Defendant's motion to dismiss plaintiff's count II is denied.